The Supreme Court adjudged that M. (the original attorney) was not entitled to the remittitur, and in substance, therefore, that he could have no further connection with the case as attorney. No appeal was taken, and at a subsequent term of that court the respondent, upon notice, was substituted as attorney in place of M., and authorized to collect the costs in question. From this order M. appeals. Both orders were on the ground that M. had refused to go on with the case, or hold further intercourse with his client in regard thereto. He was, therefore, so far as the case in hand was concerned, as one dead or disabled, and it was clearly within the power of the court to permit the appointment or substitution of a new attorney, and, cause for that having been shown, it was within its discretion to determine upon what terms it should be done (Rule 109, Sup. Ct.), and, among others, whether the judgment or order, when obtained, should be chargeable with his fees. (Barker v. St. Quintin, 12 M. W. 451; In re Paschal, 10 Wall. 483.) Assuming, however, with the appellant, that the lien of an attorney would under ordinary circumstances, attach to the final decision in such proceeding (Coughlin v. N.Y.C. H.R.R.R. Co., 71 N.Y. 448; 27 Am. Rep. 75), it cannot now be claimed by him, for he refused to do the act which would have rendered a judgment in his client's favor possible, and so waived a right to which he might otherwise have become entitled, and if for services rendered before judgment there was an inchoate right of lien, it was lost by his unqualified abandonment of the cause. In other words, he discharged himself, and in such a case it is clear that an attorney cannot leave his client in the middle of a matter, because he does not supply him with money, or by reason of any other difficulty, without running the risk of losing the benefit of that relation. (In re Faithfull, L.R., 6 Eq. 325; Robins
v. Goldingham, 13 id. 440.)
The client's own interest was at stake in the proceedings in *Page 385 
question, and, upon the refusal of M. to act as his attorney, he could deal with the case as he chose. He could not, indeed, compel the attorney to render service. Nor, on the other hand, was he bound to submit to an adverse decision by reason of the attorney's default. There is nothing to show that M. was to blame for not going on with the litigation, but he refused to do so, and even suggested the employment of another lawyer. To this implied consent he attached no condition, and afterward, without success, invoked the equitable interference of the court in regard to the costs in question.
In the order appealed from there is no legal error, and it should be affirmed.
All concur, except ANDREWS, J., absent.
Order affirmed.