## BARNUM v. BURLINGAME.

(Supreme Court, Appellate Division, Second Department.   December 13, 1912.)

ATTORNEY AND CLIENT (§ 76*)—TERMINATION OF RELATION—EFFECT ON RIGHTS OF ATTORNEY TO COMPEL COMPENSATION.

A termination by an attorney, without sufficient cause, of the relation of attorney and client, relegates him to ordinary remedies to compel payment for his services; and the court may not secure payment by application of any remedy dependent on the relation of attorney and client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 120–131;  Dec. Dig. § 76.*]

Appeal from Special Term, Kings County.

Petition of Edward H. Barnum against Alvah W. Burlingame, Jr., to compel delivery of certain papers, etc   From an order, petitioner appeals.   Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

W. J. Brock, of Brooklyn (John G. Snyder, of New York City, on the brief), for appellant.

JENKS, P. J.   The court could not secure payment to the respondent for his legal services by the application of any remedy that depends upon the relation of attorney and client, inasmuch as the attorney terminated that relation without sufficient cause.   Matter of H——, 93 N. Y. 381;  Matter of Dunn, 205 N. Y. 398, 98 N. E. 914. Such termination worked relegation to ordinary remedies.

The order is modified, by striking out the provision for payment by the client, and, as thus modified, it is affirmed, with $10 costs and disbursements.   All concur.