VOSGES SYNDICATE, LTD., *et al.,* v. EVERGLADES CLUB COMPANY.

164 So. 881.
Division B.
Opinion Filed December 26, 1935.

*C. A. Hiassen* and *J. T. Chancey,* for Petitioner;

*Frazer, Effler, Shumaker & Winn* (Toledo, Ohio), for Respondents.

BUFORD, J.—In this case there was an entry of appeal from a final decree and judgment of the Circuit Court of Palm Beach County, Florida, in a certain cause pending on the Chancery side of the docket of said court entitled Cecil Mortimer Singer and/or Vosges Syndicate, *et al.,* Plaintiffs, v. Everglades Club Company, *et al.,* Defendants. The suit was to foreclose a mortgage against Everglades Club Company, a Florida corporation, and Spitzer-Rorick Trust & Savings Bank, a corporation under the banking laws of the State of Ohio, and H. C. Rorick as Trustee for the bondholders under a mortgage executed by Everglades Club to said Trustee for the purpose of securing an issue of $1,500,000.00 of the company's 6% negotiable coupon bonds. The relief sought in the original bill was that the Trustees under the mortgage be removed and new Trustees appointed. That the Board of Directors of Everglades Club Company, consisting of H. C. Rorick and other members of his firm, be required to account for and restore to the Company certain sums of money alleged to have been wrongfully paid to said Spitzer, Rorick & Company for services and expense of its members in the management of the business of Everglades Club Company.

The original bill also sought the appointment of a Receiver and a Receiver was appointed upon the filing of said bill to manage and operate the defendant Company.

By an amendment the plaintiff Vosges Syndicate, Ltd., as holder of the bonds secured by said mortgage, sought to foreclose the mortgage because of alleged defaults in payments of principal and interest on said bonds and because of certain alleged fraudulent acts of the Trustees under

the said mortgage and their alleged inconsistent and hostile position to the holders of bonds secured by the mortgage.

The record also shows that immediately after the institution of the suit above mentioned the petitioner, C. L. Chancey, being a duly admitted and licensed attorney at law engaged in the practice of his profession in all the State and Federal Courts of Florida, was engaged and employed by H. C. Rorick to represent the defendant Everglades Club Company in the defense of the suit above mentioned. That at the time of such employment the said H. C. Rorick and other members of the said firm of Spitzer-Rorick & Company were the officers and directors of said Company. That pursuant to such employment in the aforesaid proceedings, petitioner filed motion for dismissal of the suit and for order discharging the Receiver appointed therein. Upon hearing, the bill of complaint, as amended, was dismissed with leave to the plaintiffs to amend the same. The motion to discharge the Receiver was denied. An amended bill of complaint was filed, which by subsequent amendment added the firm of Spitzer-Rorick & Company and all holders of bonds secured by the mortgage aforesaid as parties defendant.

Motion was filed by petitioner in behalf of Everglades Club Company to dismiss the amended bill, as amended, and discharge the Receiver in said cause. Evidence denying the allegations of the amended bill was submitted upon hearing of the action.

Upon hearing, the action was denied. Following the courts denial of the action to dismiss the amended bill as amended and discharge the Receiver, the petitioner, with another attorney, was employed through the bondholders' committee aforesaid to defend the suit on behalf of bonds secured by the mortgage of bondholders who had deposited

the same with the committee, or in its depository, pursuant to which employment petitioner and the other attorney, one William Roberts, filed an appearance in said cause as attorney for certain named persons and certain corporations who had so deposited their bonds with said committee. The bondholders named were holders in the aggregate of $769,-000.00 of the bonds secured by said mortgage out of the total outstanding bonds amounting in the aggregate to $1,-308,000.00.

Pursuant to the employment on behalf of the bondholders as aforesaid, the attorneys aforesaid in the name of and on behalf of the said bondholders, filed an answer to said amended bill of complaint and incorporated therein a motion to dismiss the amended bill of complaint and to discharge the Receiver therein. The motion to dismiss said amended bill and the action to discharge said Receiver were supported by proofs throughout the hearing thereof, but said motions were denied.

The cause later, on May 10, 1934, came on for final hearing. Upon such final hearing, final decree was entered in favor of the defendant and the amended bill, as amended, was thereby dismissed, from which final decree the appeal in the said cause was taken and is now pending in this Court.

Petitioner alleges that pursuant to the employment, the petitioner devoted much time and labor in the preparation of pleadings, brief, legal research and in the submission of the cause and proofs to the Court and incurred and advanced large amounts of money as costs and expense, which all remain unpaid. The petitioner also avers that in addition to the employment and service rendered in the Circuit Court of Palm Beach County, Florida, in the suit hereinabove mentioned petitioner was also, together with other

attorneys, employed by the Spitzer-Rorick Trust & Savings Bank and H. C. Rorick as Trustee under said mortgage to institute a foreclosure proceedings on said mortgage in the District Court of the United States in the Southern District of Florida and that pursuant to said employment the said petitioner and other attorneys on August 24th, 1933, instituted such suit in which such proceedings were so had as to result in a final decree of foreclosure being entered in said suit in favor of complainants on January 29th, 1933.

The petition also avers that during all the time hereinbefore mentioned, and for some time previous thereto, petitioner was employd by H. C. Rorick and Spitzer-Rorick Trust & Savings Bank to represent one Alton M. Ake as Trustee for the holders of numerous issues of municipal bonds, and pursuant to this employment conducted and defended "considerable litigation in both the State and Federal Courts of the State of Florida" between Alton M. Ake and City of Fort Lauderdale, Alton M. Ake and Broward County Port Authority, Alton M. Ake and Board of Public Instruction of Broward County and Alton M. Ake v. City of Hialeah.

Statement of expenses incurred by petitioner in connection with the defense of the aforesaid suits were attached to and made a part of the petition.

It is further shown that in the final decree of foreclosure entered in the United States District Court it was decreed that defendant in said cause was indebted to the plaintiff Trustee in certain amounts as principal and interest upon the outstanding bonds secured by said mortgage and the further sum of $25,000.00 as fee fixed and allowed plaintiff Trustees and also in the further sum of $30,000.00 as a reasonable fee thereby fixed for the services of petitioner

and other counsel of record in said cause as attorneys for plaintiff Trustees.

It is further averred that on or about the 14th day of June, 1935, that such differences and disagreements had arisen and existed between said petitioner and the said H. C. Rorick with respect to compensation claimed by petititioner for services rendered by him as attorney for Alton M. Ake as Trustee in the litigations aforesaid as rendered it advisable in the opinion of petitioner that he apply to the United States District Court for permission and leave to withdraw as counsel of record for the plaintiff Trustees therein and for an order fixing and providing for the payment of his part of the fee decreed to be paid by the final decree aforesaid for services rendered by petitioner in said cause up to the date of his withdrawal. That upon hearing an order was entered granting petitioner leave to withdraw as counsel of record and providing, "If at or before the time of payment or distribution of allowance made by the final decree to the attorneys for the trustees for their services herein, there shall be any disagreement between the respective counsel as to the division thereof, said Chancey, or either of the other attorneys individually, may intervene herein, personally, and submit to the court an application to fix the amount to be paid each of said attorneys, or to the attorneys so intervening." This order was entered on July 10th and on July 31st a further order was entered by the United States District Court touching the matter of fees in the foreclosure proceedings which was, in the pertinent part, as follows:

"That the said William M. Roberts; Frasier, Effler, Shumaker and Winn; Winters, Foskett and Wilcox and C. L. Chancey, be, and they are hereby, severally directed and allowed to file in this cause on or before September 15,

1925, affidavits or other proof in writing as they shall see fit, touching the value and extent of the services rendered and to be rendered by said attorneys, and each of them, in this cause, so that this court may determine what amount of the fees allowed in the Final Decree rendered herein on January 29, 1933, should be paid to each of said attorneys, respectively; that, upon the coming in of such proof, or upon the expiration of the time allowed for the filing of proof, this Court, upon due notice to said attorneys, will determine and fix the amount of compensation thus allowed by the said Final Decree to be paid to each of the respective attorneys for their services rendered for the plaintiffs exclusively in this cause, the aggregate amount of which has been determined and fixed by the Final Decree.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Special Master herein shall appropriate from the proceeds of the Master's sale held pursuant to the Final Decree, or other funds coming into his hands, the sum of $30,000.00 fixed by the decree aforesaid, to pay said attorneys' fees, and, when sufficient funds are available to pay the same, shall directly and separately pay to each of said attorneys the fees thus allowed to said attorneys, and take from them proper receipts, therefor; that said Special Master shall pay said attorneys' fees directly to said attorneys instead of to the plaintiffs for the use and benefit of said attorneys."

Paragraphs 16, 17, 18 and 19 of the Petition are as follows:

"The employment of petitioner in the aforesaid suit in the Circuit Court of Palm Beach County, was not restricted or limited to services only in said Circuit Court, but contemplated such services as may be required with the final termination of said litigation including the taking, or de-

fense of appeals to the Supreme Court, including the defense of the pending appeal entered by appellants herein. In the course of said employment, petitioner entered two separate appeals from interlocutory orders to the Supreme Court in said cause, neither of which have been dismissed, but the necessity for the perfecting of said appeals was eliminated by the final decree of the Circuit Court as aforesaid.

"The said H. C. Rorick and other members of the bondholders' committee aforesaid, have wholly failed, neglected and refused to pay petitioner the fee of $7500.00 charged by him for services rendered in the Circuit Court of Palm Beach County or the expenses incurred and remaining unpaid amounting to $46.39, as shown by petitioner's exhibit 'H' hereto, or any part thereof and have expressly declined to pay petitioner any compensation whatsoever for his services in said cause. By letter dated July 26, 1935, addressed to petitioner by H. C. Rorick, as chairman of said bondholders' committee and received by petitioner in due course of mail, petitioner, for the first time, was notified that on or about June 13, 1933, he had been discharged as attorney in the aforesaid suit in Palm Beach County for both the Everglades Club Company and the individual bondholders hereinabove named, and that on or about the 11th day of June, 1935, said committee had employed the firm of Winters, Foskett & Wilcox, attorneys at West Palm Beach, Florida, in the place and stead of petitioner to represent said bondholders' committee and the bondholders hereinabove named, and that on the 25th day of June, 1935, Everglades Club Company had likewise employed said firm in the place of petitioner to represent it in said litigation.

The defendants represented by petitioner in the lower Court in the above entitled cause, other than the Everglades

Club Company, are non-resident of the State of Florida and reside in various parts of the country. The representation of said defendants by petitioner in said cause resulted entirely from his employment on their behalf by the bondholders' committee hereinabove mentioned. Each of the members of said committee are non-residents of the State of Florida.

"Petitioner has never consented to or acquiesced in the employment by said bondholders' committee, or the defendants represented by him in said Circuit Court cause, of other counsel, either in said Circuit Court suit, or in this appeal to act in the place and stead of petitioner prior to the proper and orderly substitution of such counsel by order of Court. On the contrary, petitioner has at all times until a proper order of substitution is entered in said cause, protested against the employment of other counsel in his place and stead; notwithstanding which, the said bondholders' committee, or H. C. Rorick, acting as chairman of said committee, without applying to either the Circuit Court or to this Court for an order of substitution of counsel, have proceeded over the objection and protest of petitioner to retain and employ the firm of Winters, Foskett & Wilcox of West Palm Beach, Florida, as substitute counsel in the above entitled cause and insist upon said attorneys acting in the place and stead of petitioner without any order of Court substituting them for petitioner as counsel in said cause and without paying, or offering to pay, but on the contrary expressly refusing to pay petitioner any compensation whatever for services heretofore rendered by him in said litigation or the balance shown on the attached exhibit 'H' as expenses incurred and disbursements made by him."

Paragraph 20 of the Petition alleges in effect that about

the 1st of July, 1935, H. C. Rorick, through an attorney, caused and procured Alton M. Ake as Trustee to institute a suit in attachment or garnishment against the petitioner in the Court of Common Pleas of Lucas County, Ohio, and in said suit caused and procured an attachment and garnishment proceedings to be issued in said court and served upon H. C. Rorick and others named as bondholders' protective committee for an issue of bonds issued by Everglades Club Company, a Florida corporation; that petitioner gained his knowledge of the institution of such suit through a newspaper known as Toledo (Ohio) Legal News, published July 25, 1935, which contained a publication of notice of attachment and garnishment; that the indebtedness claimed by plaintiff in that suit to be due him by petitioner herein for the collection of which said attachment and garnishment proceedings were instituted, represents moneys retained and held by petitioner in good faith in protection of a lien claimed and asserted in good faith by him against the said Alton M. Ake as Trustee and the Spitzer-Rorick Trust & Savings Bank for services rendered by petitioner in the municipal bondholders' litigation heretofore mentioned.

It is further alleged that petitioner has never been served with process in said suit.

Paragraph 21 of the petition is as follows:

"Neither of the members of said bondholders' committee have any property or effects in the State of Florida, out of which by writ of attachment, garnishment, or otherwise, petitioner can enforce collection of compensation for his services in said cause. Petitioner has heretofore instituted his suit at law in the Circuit Court of Broward County against H. C. Rorick and the other members of said bondholders' committee for the recovery of compensation for his services in the Circuit Court of Palm Beach County,

in the above entitled cause, together with costs and expenses advanced by him as shown on said exhibit 'H,' but each of the defendants refuse to submit to the jurisdiction of said court in said suit, and seek to avoid the service of process upon them therein. The enforcement by petitioner of the payment of compensation for his services by either of the defendants represented by the said committee in suits instituted in the State of Florida is extremely doubtful if not impossible, and petitioner has no other effective way of enforcing payment to him of reasonable compensation for his services in said cause, except as hereinafter prayed, and this petition is interposed by petitioner only after the failure and refusal of his clients to apply for an offer substituting counsel in his place and stead in said cause."

Paragraph 22 alleges that petitioner has been guilty of no misconduct or bad faith toward his clients in either of the above mentioned cases and has never been charged by either of his clients with any neglect, default or misconduct in the management or conduct of the defense of said suits and he supports this allegation by affidavits of reputable attorneys and the certificate of the resident Circuit Judge.

The prayer of the petition is as follows:

"The premises considered, petitioner resepctfully prays that this Court, upon the hearing of this petition, summarily determine the amount of compensation which should be paid to petitioner for his services in the Circuit Court of Palm Beach County, Florida, and in this Court in the above entitled cause and that the parties defendant and appellees, heretofore represented by petitioner herein, or the bond-holders' committee aforesaid be required forthwith to pay such compensation, and that by the entry of an order herein, the said firm of Winters, Foskett & Wilcox, or

petitioner's clients themselves, or such other attorneys as may be designated by them be substituted in the place and stead of petitioner as counsel of record herein, and that such order of substitution be entered only upon the condition that such reasonable compensation as shall be found by this Court to be due to petitioner for services heretofore rendered by him both in the Circuit Court of Palm Beach County, Florida, and in this Court in the above entitled cause, together with the balance due him as aforesaid, for costs and expenses, be first paid to petitioner herein, or adequately secured, as this Court shall order and direct."

The above statement has been set out at length to show just what the petition now before us is based upon. On this petition rule *nisi* was issued and to the same return has been filed. Paragraph 1 of the return challenges the jurisdiction of the Court to grant any relief prayed by the petitioner.

Paragraph 2 alleges that the case has come to this Court by an appeal from the Circuit Court of Palm Beach County but the respondents are not advised whether the appeal has been properly perfected so as to clothe this Court with jurisdiction to entertain the appeal or review the action of the lower court.

Paragraph 3 admits that the Circuit Court of Palm Beach County entertained the cause referred to in the petition and that various hearings were had; that various motions and pleadings were filed and that the court finally dismissed the proceedings and discharged the Receiver and that the appeal is attempted to be taken from that order.

The fourth paragraph of the return admits that in the cause in the Circuit Court the petitioner was employed in behalf of respondents as one of counsel to represent their interests and that he rendered services for them in said

cause; that said services have been for the purpose of "asserting and protecting the jurisdiction of the United States District Court for the Southern District of Florida, in the conduct of a foreclosure case filed therein August 24, 1933, involving the same property as was involved in the proceedings in the case filed in the Circuit Court by Singer, *et al.*" And, thereupon, the return further states:

"These respondents show that their contentions were sustained by the Circuit Court, and that court finally recognized the jurisdiction of the United States Court which latter court assumed exclusive jurisdiction of the foreclosure of said mortgage, and on or about the 29th of January, 1935, entered a final decree of foreclosure and at that time awarded to the plaintiffs therein, the Trustees under the mortgage being foreclosed therein, the amount of Thirty Thousand Dollars for services of said Trustees' counsel, including the said C. L. Chancey.

"These respondents are informed, believe and allege that the services proved before the United States District Court and embraced in the allowance made by the Court to the Trustees on account of expenses incurred for counsel and attorneys, included the services rendered by the said C. L. Chancey referred to in this proceeding in the Circuit Court of Palm Beach County, Florida.

"Respondents admit that said attorneys have not received the amount allowed by the said United States District Court, for the reason that no funds have been available with which to pay them."

Paragraphs 5, 6, 7 and 8 of the return are as follows:

"These respondents show that they have not at any time moved for the discharge of C. L. Chancey as counsel of record in this case, but they have been informed that the said C. L. Chancey, on account of certain alleged disagree-

ments between him and H. C. Rorick and others, in other matters, desired to and did withdraw as counsel in this case, and that because of such expressed desire, other counsel were employed to represent these respondents on this appeal.

"Respondents show that they have no objection to permitting the said C. L. Chancey to continue as one of counsel of record for them in this appeal, and do not desire the entry of any order discharging him or substituting any one else in his place and stead, but they respectfully assert the right to employ other counsel to act with the said C. L. Chancey.

"6. These respondents respectfully show that neither the Spitzer-Rorick Trust & Savings Bank nor H. C. Rorick as Trustees under the Everglades Club Company mortgage, are or ever were, parties to this case, or subject to the jurisdiction of the Circuit Court of Palm Beach County, Florida, or of this Court, and they respectfully show that at no time was the said Bondholders' Committee, consisting of H. C. Rorick, James Bentley and Lewis L. Clarke, a party to the said case in the Circuit Court of Palm Beach County, and was never subject to the jurisdiction of said Circuit Court or of this Court; and at no time were either H. C. Rorick, James Bentley or Lewis L. Clarke, in their individual capacities, parties to said case in the Circuit Court of Palm Beach County, Florida, and were never subject to the jurisdiction of the Circuit Court of Palm Beach County, Florida, or of this Court.

"7. Respondents admit that the said C. L. Chancey has filed a suit at law against the said Bondholders Committee in the Circuit Court of Broward County, Florida, to recover the amount of $7500.00 for services alleged to have been rendered to said Bondholders' Committee by the said C. L. Chancey in this case in the Circuit Court of Palm

Beach County, Florida. They show that said case has been removed to the United States District Court, for the Southern District of Florida, where it is now pending. The claim therein set forth by the said Chancey, embraces all of the services and claims therefor referred to in the petition of the said C. L. Chancey filed herein.

"8. These respondents show that a very large portion of the allegations and statements contained in the petition of the said C. L. Chancey filed herein, are wholly immaterial and irrelevant, and for that reason require no answer by these respondents; but respondents do show that if the said C. L. Chancey has any claim against them for services, said claim can be enforced by the ordinary process of law, before a law court having jurisdiction over these respondents wherein the controversy may be tried in the usual way before a court and jury."

So it appears from the allegations of the petition and the return that the issues between the petitioner and the respondents are many and varied as to several matters of disagreement between them. But, insofar as the matters involved in the case now on appeal to this Court from the Circuit Court of Palm Beach County are concerned, the petitioner represented defendants in the court below and these defendants are appellees here. Therefore, they are brought into this Court against their will and there is no fund arising out of that suit either in this Court or the Circuit Court upon which petitioner could have any lien for his services as attorney because there was no fund brought into the court in that suit.

We are not unmindful that in some cases the appellate court has jurisdiction to require the payment of attorney's fees to original counsel when other counsel are substituted as a condition precedent to the court assuming jurisdiction

and allowing substitution of counsel in the appellate court. But, in this case counsel is sought to be substituted on behalf of appellees while the appellants have invoked the jurisdiction of the court. Should we now make the payment of fees a condition precedent to the substitution of counsel for the appellees, it would mean that the Court must assume the responsibility of making the necessary research on its own account to determine the rights of the appellees when the case is presented by the appellants in this Court. This the Court does not desire to undertake to do.

In the state of the record before us, we do not feel that this Court should undertake to settle the controversy as to the amount or the payment of fees due from the appellees, the defendants in the court below, to the petitioner, but that those matters should be determined either on agreement between the parties or adjudicated in a court where the issues may be joined and proof submitted and trial had on the merits.

We find in the record no indication that there has been any improper or unethical conduct on the part of the petitioner as an attorney or that he has in any way failed to render efficient service as an attorney to his clients. So the prayer of the petitioner that this court fix and require the payment of fees to the petitioner is denied. The prayer for the substitution of counsel is granted without prejudice to petitioner to appear in this Court as counsel in behalf of the appellees in the case above referred to, if he so desires.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J. (dissenting).—The rule is well settled that a party cannot change his attorney without leave of court and that an order of court granting the application for substitution is essential to render a change of attorneys regular.

While a party has a right to change his attorney at will, at any point in a suit or an appeal, and without establishing or assigning any cause therefor, upon making application in a proper manner for the substitution, yet the general rule is subject to the equally well recognized exception that the attorney's fees earned for services already rendered must be paid or secured by the client, where the application of the client for a change of attorneys assigns no cause therefor. 2 R. C. L. 961; 6 C. J. 676-681; 20 Encyc. Pl. & Pr. 1008-1018, Curtis v. Richards, Idaho 434, 40 Pac. 57, 95 Am. St. Rep. 134; 14 Fed. 778; In Re. Paschal, 77 U. S. 483.

I think the rule established in the above authorities is peculiarly applicable in Florida where non-residents are often litigants and attorneys will be without remedy unless it is applied. This Court should not deny its application in the present case merely because it is to its own convenience so to do.