### Erma Diem v. Albert Diem

187 So. 569.
Opinion Filed March 24, 1939.

*Joseph Ginsberg* and *Jos. A. Scarlett,* for Appellant;
*Hull, Landis & Whitehair,* for Appellee.

*Murray Sams* and *Green & West,* for certain Petitioners.

CHAPMAN, J.—This cause is before the Court on an amended petition for an order seeking temporary alimony, suit money and counsel fees. The record shows that the Circuit Court of Volusia County, Florida, on January 31, 1939, made and entered a final decree dissolving the bonds of matrimony *a vinculo matrimonii* between the parties litigant,

awarded permanent alimony to the wife in the sum of $300.00 per month, and further required the plaintiff below, Albert Diem, to pay to the defendant, Erma Diem, the additional sum of $7500.00 as a fee for the solicitors for the defendant, which sum was adjudged to be reasonable and to be apportioned among the defendant's solicitors according to the length of service performed for her. She was represented in the lower court by attorneys Murray Sams, Green & West and Lucien Boggs, and had conferred with Mr. Sams and with the firm of Green & West in regard to an appeal which she desired them to take for her.

It is further shown that an appeal was taken from the final decree entered by the Circuit Court on February 13, 1939, by Erma Diem, the defendant thereto, but in the appeal to this Court it is made to appear that the appellant is represented by attorneys Joseph Ginsberg and Scarlett & Futch of the Volusia County bar. While counsel who represented Erma Diem in the Circuit Court proceedings protest against and object to the entry of an order in conformity with the prayer of the amended petition now before the Court in the name of Joseph Ginsberg and Futch & Scarlett on the grounds that they have no property interest in the final decree as shown by the final decree, although by the letter of the decree it is directed to be paid to the defendant, Erma Diem, the sum of $7500.00 as attorneys' fees, nevertheless the same is to be apportioned among the defendant's solicitors according to the length of service performed and as a matter of law she is a conduit *only* for the payment of the money and has no legal title to the funds. But for the purpose of maintaining orderly procedure, an order should be made and entered by this Court permitting or allowing a withdrawal from the case of Counsel representing Erma Diem in the lower Court and for the substitution of counsel

to represent her in the handling of the litigation in this Court.

We think Erma Diem has a legal right to substitute counsel if she so desires, but in so doing it is her duty as well as that of counsel to procure the entry of an order allowing the withdrawal of some counsel and the substitution of other counsel. It seems that some of the language used by the late Justice DAVIS in his dissenting opinion in the case of Vosges Syndicate, Ltd., v. Everglades Club Co., 122 Fla. 267, text 283, 164 So. 881, is not only pertinent but controlling in the case at bar, when he said:

"The rule is well settled that a party cannot change his attorney without leave to court and that an order of court granting the application for substitution is essential to render a change of attorneys regular.

"While a party has a right to change his attorney at will, at any point in a suit or an appeal, and without establishing or assigning any cause therefor, upon making application in a proper manner for the substitution, yet the general rule is subject to the equally well recognized exception that the attorney's fees earned for services already rendered must be paid or secured by the client, where the application of the client for a change of attorneys assigns no cause therefor. 2 R. C. L. 961; 6 C. J. 676-681; 20 Encyc. Pl. & Pr. 1008-1018; Curtis v. Richards, Idaho 434, 40 Pac. 57, 95 Am. St. Rep. 134; 14 Fed. 778; In re: Paschal, 77 U. S. 483."

See Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538. The amount of the attorney's fee has been settled by the final decree in the lower court and the appellee as a matter of law is entitled to have this Court pass upon the reasonableness thereof.

It does appear that counsel for Erma Diem in the lower court have such an interest in the final decree that grants to each a standing and a right to be heard in this Court, either

as parties to the cause or by brief or briefs and orally at the bar of this Court, at any time that the portion of the final decree awarding counsel fees is called into question or argued as error and a reversal thereof sought.

We do not think it appropriate at this time to rule upon the motions of the appellee filed in this Court to dismiss the original or amended petitions of Erma Diem, but defer a ruling thereon until the amended petition for temporary alimony, suit money and counsel fees is properly presented

The cause is hereby referred to the Honorable H. B. Frederick, Circuit Judge of Volusia County, Florida, with directions to hear, upon proper notice to all the parties litigant and counsel engaged in the trial of the cause in the lower court, as well as counsel claiming to represent Erma Diem in this Court, and after a full hearing of the parties and all the counsel, that an order be made and entered permitting and allowing withdrawal of counsel and the substitution of other counsel as the court is advised is just and proper. The right and authority to appear and defend in this Court the final decree as to counsel fees is hereby granted to attorneys Murray Sams, Green & West, and Lucien Boggs, provided an amicable settlement is not reached by the plaintiff below and the attorneys for the defendant in the lower court.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

Justices BUFORD and THOMAS, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.