On Rehearing Granted.
TERRELL, Justice.
We are confronted with two petitions for rehearing: One by the appellant complaining of delay caused by the substitution of counsel for appellee, and one by attorneys to be substituted of record. They are both granted and our opinion filed February 16, 1955, is amended so as to read as follows:
Appellant as plaintiff filed his complaint against appellee as defendant in the appropriate court wherein he .challenges the legality of a water rate imposed on him by defendant, prays for temporary restraining order and other relief not necessary to detail at this time. A motion to dismiss the complaint was granted and this appeal was prosecuted from that order.
We are confronted with (1) motion of appellee for substitution of attorneys, (2) a counter motion to strike the motion for substitution of attorneys and (3) motion for continuance of the cause by attorneys of record.
It appears from the record that in November, 1954, attorneys for appellee submitted their client a bill for services in the trial court of $2,500, which was a part only of the total fee of $15,685 for the service. On January 7, 1955, appellee wrote its attorneys a letter discharging them. Attorneys for appellee are resisting being discharged until their fee is paid.
This court is committed to the doctrine that substitution of counsel will be permitted where good reason is shown, provided the litigant seeking substitution pays or secures payment of the fee of counsel who is relieved. Diem v. Diem, 136 Fla. 824, 187 So. 569; Vosges Syndicate, Ltd. v. Everglades Glub Co., 122 Fla. 267, 164 So. 881; 5 Am.Jur., Attorneys at Law, Sec. 44; 33 A.L.R. 1297, and .the supplement thereto in 124 A.L.R. 725.
*741 When it becomes necessary or desirable to substitute counsel, the litigant should petition the court, stating his reasons therefor and, if it appears that substitution is necessary or desirable, the court may, upon payment of the fee, so order, but if for any reason this' cannot be done, the court may order substitution on condition that the litigant post a good and sufficient bond or other security with the clerk of the circuit court. The amount and condition of the bond is to be determined by the court and should secure payment of a reasonable fee for services of relieved counsel to the date of the substitution. In fixing the amount of the bond, no fee unconnected with the litigation should be considered, nor should the bond so fixed be deemed to be conclusive as to the amount of the fee, as that matter should be determined by agreement between the parties or adjudicated in a court where issues may be joined and proof submitted and trial had on the merits. Vosges Syndicate, Ltd. v. Everglades Club Co., supra.
In fixing the time within which the "litigant is .to pay or to post bond to'secure payment of counsel who is relieved, the court should endeavor not to unduly prejudice the rights of the adversary by a -prolonged delay. -He should limit such time to 30 days, unless the circumstances require that a longer time be pe'rmittédj in which event the court should- allow such additional time as it deems reasonable, but not to exceeed a total of 60 days.
The cause is accordingly remanded to the circuit court with directions to proceed as indicated herein. Until the foregoing is complied with, all proceedings in this cause will be suspended, including the time for filing briefs and other pleadings or proceeedings that may be necessary to perfect the appeal.
It is so ordered.
MATHEWS, C. J., and ROBERTS and BUFORD, JJ., concur.