PER CURIAM.
On certiorari we review an order denying a jury trial on damages in a tort action after default entered. See Brooks v. Owens, Fla.1957, 97 So.2d 693. Both parties had made timely demand for jury trial. By so doing, the defendant avoided waiving a jury and his right to jury trial as guaranteed by the state and federal constitutions was inviolate. See rule 2.1, F.R.C.P. 31 F.S.A. Striking defendant’s answer and entering default for his failure to comply with a discovery order did not obliterate his timely demand for jury trial. Nor could the plaintiff’s de-demand for jury trial be withdrawn without the defendant’s consent. Rule 2.1(d), Id. Notwithstanding the default, defendant was entitled to submit proofs and be heard on the triable issues as to damages. See Pan American World Airways v. Gregory, Fla.App.1957, 96 So.2d 669, 672, and cases cited. Such issues were triable by jury. Miller v. Rolfe, Fla.App.1957, 97 So.2d 132, 135. Therefore, we conclude that in denying jury trial on the damage issues the learned trial judge departed from essential .requirements of law, for which certiorari is granted and the order complained of is quashed.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.