**KAY v. YANCEY, et al.**
No. 481.
Circuit Court, Lake County.
December 9, 1969.

Roth, Segal & Levine, Miami Beach, and Carey, Dwyer, Austin, Cole & Selwood, Miami, for the plaintiff.

Walter S. McLin, III, Leesburg, for the defendants.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for hearing before me on December 5, 1969 on the motion of Roth, Segal & Levine (the "movants" hereafter) under provisions of F.R.C.P. 1.030(e) to condition the substitution of counsel by the plaintiff upon payment by him of the balance due them for attorneys' fees and upon leave of court.

The movants appeared on behalf of their motion, Edward A. Perse of the firm of Carey, Dwyer, Austin, Cole & Selwood, appeared on behalf of the plaintiff, who also attended the hearing, and Walter S. McLin, III, appeared on behalf of the defendants.

The movants presented evidence in support of their motion, the court heard argument of counsel in support and in opposition to the motion, and in consideration of the evidence, the record in this cause and argument of counsel, the court finds —

That from the movants' uncontraverted evidence the plaintiff engaged their services on or about December 4, 1967 to represent him in this cause pursuant to an agreed upon fee arrangement. The litigation proceeded, an interlocutory appeal was taken, and the case was tried by the court without a jury on July 1 and 2, 1969. At the conclusion of the trial, the court requested counsel to submit memorandum briefs for the court's benefit in reaching its decision.

On October 28, 1969, before the briefs were due to be filed, the firm of Carey, Dwyer, Austin, Cole & Selwood notified the movants, by letter, that they had filed an appearance as additional counsel

for the plaintiff. The plaintiff's new counsel did not serve a copy of their notice of appearance on the movants until they were requested to do so, and the plaintiff did not himself advise the movants that he had engaged the services of additional counsel. The court finds that the movants cooperated with additional counsel's request for information relative to preparation of the plaintiff's brief, but that additional counsel declined to confer with the movants, and did not serve them with a copy of the brief or any other documents which they filed for the plaintiff.

The court also finds that the movants rendered statements to the plaintiff for their services in this cause, and that there is a balance due and owing the movants for their fees of $1,657.80.

The plaintiff did not offer evidence in opposition to the motion. He did, however, through his additional counsel, stipulate at the hearing that the movants' fees were reasonable and that he agreed to pay them at an early date, in keeping with whatever order the court might make. Additional counsel for the plaintiff further stated that the plaintiff had not discharged the movants, but that if the movants had not been discharged, they were discharged as of that time.

Finally, the movants stipulated that they had no objection to the substitution of counsel, provided that the balance of fees due to them would be paid.

Upon these facts, the court concludes that the plaintiff's retention of additional counsel in this cause was done in such a manner as to effect a substitution of counsel without compliance with the provisions of Rule 1.030(e). The law and practice in Florida is that a party cannot change his counsel without leave of court, and that an order of court granting an application for substitution is essential to render a change of attorneys regular. Diem v. Diem, 136 Fla. 824, 187 So. 569 (1939), following Vosges Syndicate, Ltd. v. Everglades Club Co., 122 Fla. 267, 164 So. 881 886 (1935).

A party, of course, has a right to change his counsel, at will, at any point in a suit upon leave of court, provided that the attorneys' fees earned for services rendered be paid or secured by the client, where he has assigned no cause for his change of counsel. Vosges Syndicate, Ltd. v. Everglades Club Co., supra; Diem v. Diem, supra; Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45, 46 (1939); 7 Am Jur. 2d, *Attorneys at Law*, §148. In 1967, this judicial precedent was codified in F.R.C.P. 1.030(e).

Wherefore, upon these findings and conclusions it is hereby ordered and adjudged —

(1) Within ten days from the date of this order, the plaintiff is to pay Roth, Segal & Levine, by certified or cashier's check, the sum of $1,657.80, as the balance of the compensation due to them for their services herein on behalf of the plaintiff.

(2) After the plaintiff has made the mentioned payment of attorneys' fees, the court will allow the appearance of Carey, Dwyer, Austin, Cole, & Selwood as counsel of record for the plaintiff. Until such payment is made, the court will not recognize such an appearance or the appearance of any other counsel for the plaintiff.

(3) The law firm of Roth, Segal & Levine is hereby granted leave to withdraw as counsel for the plaintiff.