235 So.2d 364 (1970)
John C. RILEY, Appellant,
v.
Alfred GUSTINGER, Jr., and Rosalinda Jewett, a Minor, by and through the Mother and Next Friend, Rosaline Riley, Appellees.
Nos. 69-782, 69-929.
District Court of Appeal of Florida, Third District.
May 12, 1970.
Haves & Teller, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Ware, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
*365 PER CURIAM.
By the above numbered appeals, the defendant in an action for malicious prosecution seeks reversal of an adverse final judgment entered upon a default, and from a judgment against him, rendered in favor of his initial attorney (in a summary proceeding in the cause when defendant's attorney voluntarily withdrew) for a fee for the services rendered.
After certain pleadings and proceedings in the cause, but prior to trial, and five days before the end of a twenty day period within which the defendant had been ordered to file fuller answers to plaintiff's interrogatories or suffer a default judgment, the defendant's attorney, Alfred Gustinger, Jr., filed a motion for leave to withdraw, stating as the ground therefor that he could no longer represent the defendant in the cause. So far as disclosed in the record, the withdrawal of the attorney was voluntary, for reasons of his own. There was no showing that any stipulated amount had been agreed upon as a fee to be paid to the attorney for the entire case, or that the attorney and the defendant had agreed on the fee to be paid for services performed in the cause prior to his withdrawal.
The trial court, on consideration of the attorney's motion, granted him leave to withdraw, and stated in the order that the court would determine a fee to be paid by the defendant "as a condition to the substitution of counsel." Thereupon, in a summary proceeding in the cause over objection of defendant, the court granted judgment in favor of the attorney Gustinger against the defendant in the amount of $1,600, and authorized issuance of execution thereon. The defendant appealed therefrom (No. 69-782). We find merit in that appeal.
A material consideration is that the present case is not one in which the litigant discharged his attorney and moved for substitution of counsel, such as occurred in the case of Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45, cited in the trial court's order. In that case it was held that where the client and attorney had contracted for a stipulated fee for the attorney's services for the entire case, the court could determine the portion of the total fee earned by the attorney to the time of his discharge and require payment thereof as a condition of substitution of counsel. In Chaachou v. Chaachou, Fla. App. 1960, 122 So.2d 24, which also was a case of removal and substitution of counsel, it was held by this court that in the absence of an agreed fee for the total representation (contingent or in a stipulated amount), or as to the amount to be paid to the attorney for his services in the cause to the time of his removal, the claim of the attorney for a fee was a matter to be litigated in a separate action against the client, and not one for determination in a summary proceeding in the cause, although in such instance the court could, as a condition of substitution of counsel, require the litigant to furnish bond or other security to protect the attorney for such fee as subsequently should be held in a separate action to be due to the attorney for the services performed.
It follows that in the circumstances of this case, in which the defendant's attorney voluntarily withdrew, his claim for a fee was a matter for presentation and determination between the attorney and the client in a separate action, and that such issue was not one properly to be determined between those parties in a summary proceeding in the malicious prosecution suit in which the client was a defendant. Barnum v. Burlingame, 154 App.Div. 897, 138 N.Y.S. 829; Seleznow v. Shub, 136 Misc. 365, 240 N.Y.S. 829; 7 C.J.S. Attorney and Client §§ 194, 195. Where a litigant's employed attorney withdraws, the litigant is free to employ other counsel to represent him in the remainder of the cause. There is no more reason to impose a condition on that right than there would be to impose a condition on the right of a *366 litigant to employ an attorney to represent him at the outset of a case.
Accordingly, we reverse the attorney fee judgment which was challenged by appeal No. 69-782, but the reversal thereof is without prejudice to the attorney Gustinger to seek recovery of a fee by separate action.
Appeal No. 69-929 concerns the final judgment awarding damages. The record discloses that upon withdrawal of the defendant's attorney the court granted a thirty day stay of the proceedings, during which other counsel appeared for the defendant; that the fuller answers to interrogatories which had been ordered by the court were not made by the defendant within that extended time; that plaintiff then moved for default; that the court denied the motion, and allowed the defendant ten days additional time within which to file fuller answers to the plaintiff's interrogatories; that the defendant failed to comply within that time, for which the plaintiff again moved for default, and thereupon the court made an order striking the answer and entering default judgment against the defendant. That order was dated and filed on October 8, 1969.
On the same date the final judgment was entered, reciting that it was based on the default judgment and on a motion of the plaintiff for final judgment, and therein the court granted judgment for the plaintiff against the defendant for $5,000 compensatory damages and $15,000 punitive damages.
On his appeal from that judgment, the defendant contends that the default was improperly granted, and that even if the default was proper, the court erred in entering judgment for damages where the defendant was not given notice and opportunity to participate in the trial of the issues relating to damages.
Appellant's contention that the default was improperly entered does not find support in the record. He was ordered by the court to file fuller answers to plaintiff's interrogatories. Two extensions of time were granted. Defendant's new attorneys appeared in the cause during the first extension period. When the answers were not filed within that period the court granted a further ten day extension, and the defendant failed to comply within that extended period. In those circumstances the action of the court in striking the defendant's answer and granting a default was authorized under Rule 1.380(b) (2) (iii), FRCP, 30 F.S.A.
The appellant's contention relating to the trial on damages has merit. "After the entry of default upon a complaint claiming unliquidated damages the cause must be set either upon a trial calendar and the issue of damages tried in its regular order, or the defendant must be given reasonable notice of the trial of the issue upon a special setting." White v. Spears, Fla.App. 1960, 123 So.2d 689, 691. See also Wilhelm v. South Indian River Co., 98 Fla. 970, 124 So. 729; Moore v. Boyd, Fla. 1952, 62 So.2d 427, 430; Pan American World Airways, Inc. v. Gregory, Fla.App. 1957, 96 So.2d 669; Grappell v. Lauderdale River Parks Estate, Inc., Fla.App. 1961, 126 So.2d 574.
It appears from the record that the defendant was deprived of his right to notice and an opportunity to participate in the trial on damages, and to have the damage issues tried before a jury inasmuch as the plaintiff had duly made request in the complaint for jury trial. Moore v. Boyd, supra; Grappell v. Lauderdale River Parks Estate, Inc., supra. Accordingly, the judgment challenged on appeal No. 69-929 is reversed, and the cause is remanded for new trial on the issues relating to damages.
It is so ordered.