855 So.2d 208 (2003)
Zolinda KIRIAKIDIS, Appellant,
v.
Kiriakos KIRIAKIDIS, Appellee.
No. 4D02-1584.
District Court of Appeal of Florida, Fourth District.
September 24, 2003.
*209 Steven L. Berzner of Steven L. Berzner, P.A., Fort Lauderdale, and Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellant.
Leon Margules of Entin, Margules & Della Fera, P.A., Fort Lauderdale, for appellee.
WARNER, J.
The wife appeals a final judgment of dissolution of marriage alleging that she was deprived of her right to counsel by the trial court's order imposing a charging lien and requiring her to pay her withdrawing attorney his fee before substitute counsel could appear. She further alleges the court abused its discretion in denying her an extension of time to file an amended counterclaim while she was without counsel. We hold that where the wife's first attorney withdrew, it was error for the court to condition her right to obtain substitute counsel on payment of the attorney's bill, which had not been agreed to by the appellant. The court then erred in failing to grant an extension of time to allow the wife to file her amended pleading. The combination of these two errors requires reversal.
The husband petitioned for dissolution of marriage, and the wife filed a counter petition for annulment of the parties' five-year marriage. She claimed that the husband fraudulently entered into the marriage to obtain legal immigration status in the United States. As a result of the marriage, the wife sacrificed her widow's pension and social security benefits. The husband moved to dismiss the counter petition and, although the motion was argued in June 2001, it was not ruled on at that time. The wife's attorney moved to withdraw from representation, citing irreconcilable differences with his client and the fact that he could not in good faith continue to represent her because she failed to complete a financial affidavit as required by the Family Court Rules. A hearing was held on the motion to withdraw on November 6, 2001, *210 although the wife was not present. The court granted the motion, a copy of which was sent to the wife. In the order, the court stated: "The movant's charging lien is acknowledged. Arrangements for payment of same shall be accomplished before substitution of another attorney for the Respondent is allowed pursuant to [Florida Rule of Judicial Administration] 2.060." On the same date, the court granted the motion to dismiss the wife's counter petition and gave her twenty days to amend. The order does not reflect service on the wife but, rather, on the withdrawing attorney.
Prior to the expiration of the twenty-day time period to amend her complaint, the wife filed a pro se motion for extension of time to file her amended counter petition. She alleged that she did not receive notice of her attorney's withdrawal or the order dismissing her counter petition until five days before the time specified in the order for compliance. The wife also filed a motion for rehearing of the order allowing her attorney to withdraw, in which she alleged that she did not receive notice of the motion. She disputed the amount of fees and costs that her attorney alleged was due to him in his motion to withdraw. A hearing was held on her motions on January 8, 2002. The court denied the motion for rehearing as untimely and denied the motion for extension of time because the wife had yet to file a proposed amended counter petition or the missing financial affidavit. It also noted in its order of denial that although this was a dissolution of a five-year marriage with no children or property, the case had dragged on for nearly a year.
Through newly retained counsel, the wife filed a motion to vacate or modify the trial court's order. Counsel was allowed to argue these motions to the court. At the hearing, counsel contended that the court had misapplied Florida Rule of Judicial Administration 2.060. The wife's counsel also claimed that former counsel had failed to provide the wife with an invoice for his services, so she was unable to pay him and obtain substitute counsel. The court denied the motions and proceeded to a final hearing on the husband's petition for dissolution. Counsel for the wife did not participate in these proceedings because the trial court's order precluding substitution of counsel until payment of the prior attorney's fees was still in effect.
While the wife claims that the court erred in imposing a charging lien, the "acknowledgment" of a lien does not constitute the imposition of a lien. "A charging lien is the right of an attorney to have the expenses and compensation due him for his services in a suit secured to him in the judgment, decree or award for his client. The lien attaches to the judgment but relates back and takes effect from the time of the commencement of the services rendered in the action." Miles v. Katz, 405 So.2d 750, 752 (Fla. 4th DCA 1981) (citations omitted). Because there was no final judgment at the time that the attorney withdrew, there was nothing for a charging lien to attach to. Instead, we believe that the court merely acknowledged the attorney's right to claim a lien should the wife ultimately secure an award in a final judgment of dissolution. In fact, the ordering of a charging lien on judgment proceedings is an acceptable method of securing payment of a fee to a withdrawing attorney. See Kurzweil v. Simon, 204 So.2d 254, 256 (Fla. 3d DCA 1967).
However, the court did err in ordering the wife to pay her withdrawing attorney's fees prior to new counsel appearing in the action and in doing so misapplied rule 2.060(h). That rule provides:
Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to *211 appear in the absence of an order. The court may condition substitution upon payment of or security for the substituted attorney's fee and expenses, or upon such other terms as may be just. The client shall be notified in advance of the proposed substitution and shall consent in writing to the substitution. The written consent shall be filed with the court.
Fla. R. Jud. Admin. 2.060(h) (emphasis added). The rule applies where a party seeks to discharge counsel and substitute new counsel. It was originally included in the Rules of Civil Procedure in 1967 to set out the existing procedure for the substitution of attorneys as set forth in Diem v. Diem, 136 Fla. 824, 187 So. 569 (1939). See In re Fla. Rules of Civil Procedure 1967 Revision, 187 So.2d 598, 637 (Fla. 1966). In Diem, the supreme court found the wife in a divorce proceeding had "a legal right to substitute counsel if she so desires, but in so doing it is her duty as well as that of counsel to procure the entry of an order allowing the withdrawal of some counsel and the substitution of other counsel." 187 So. at 570. The court cited with approval the following language from the dissenting opinion of Justice Davis in Vosges Syndicate, Ltd. v. Everglades Club Co., 122 Fla. 267, 164 So. 881, 886 (1935):
While a party has a right to change his attorney at will, at any point in a suit, or on appeal, and without establishing or assigning any cause therefor, upon making application in a proper manner for the substitution yet the general rule is subject to the equally well-recognized exception that the attorney's fees earned for services already rendered must be paid or secured by the client, where the applicantion [sic] of the client for a change of attorneys assigns no cause therefor.

Diem, 187 So. at 570 (emphasis added).
Even where a client discharges his or her attorney, an attorney is not entitled to payment prior to substitution where the amount of the fee has not been agreed to. In Cypen, Salmon & Cypen v. Chaachou, 130 So.2d 885, 885 (Fla.1961), the court explained that "the rule that payment (as distinguished from merely securing payment) of the fee of an attorney retiring from a pending case is necessary as a condition precedent to substitution only when the amount of the fee has been fixed by contract, and there is no dispute as to the right of the attorney to receive a definite portion of the fee which is due and unpaid." Where the amount of the fee is undetermined, then the dispute between client and attorney should be decided in a separate action, and the trial court should not condition substitution of attorneys on payment but should protect the attorney's right to payment through other means, such as bond. See Chaachou v. Chaachou, 122 So.2d 24, 27 (Fla. 3d DCA 1960).
Where the client is not seeking to discharge the lawyer, but the lawyer is seeking to withdraw for other reasons, the rule does not apply in the same way. In Riley v. Gustinger, 235 So.2d 364, 364 (Fla. 3d DCA 1970), an attorney withdrew from representation on the ground that "he could no longer represent" his client. The client and attorney had not agreed as to the amount of the attorney's fee, yet the trial court conditioned the client's ability to substitute counsel on payment of the fee to the withdrawing attorney. The third district reversed the fee judgment entered in favor of the attorney. Id. at 366. Because the attorney voluntarily withdrew, the determination of compensation should have been made in a separate action, not in a summary proceeding in the middle of the pending case. Id. at 365. The court further stated:
Where a litigant's employed attorney withdraws, the litigant is free to employ other counsel to represent him in the remainder of the cause. There is no *212 more reason to impose a condition on that right than there would be to impose a condition on the right of a litigant to employ an attorney to represent him at the outset of a case.
Id. at 365-66.
Here, the attorney withdrew. He was not discharged by the wife. The court ordered the wife to pay his fee, even though there had been no determination as to how much was owed. Yet the wife was precluded from obtaining new counsel because she could not pay the fee to her prior counsel. The court abused its discretion in entering an order compelling payment of the former attorney's fees prior to appearance of new counsel for the wife.
We conclude that despite the fact that the right to counsel is not absolute in a civil proceeding, see Onett v. Ahola, 780 So.2d 979, 980 (Fla. 5th DCA 2001) (citing State v. Weeks, 166 So.2d 892 (Fla.1964)), the court's order precluding the wife from obtaining new counsel prior to paying her former attorney's fees, combined with its refusal to grant the wife additional time in which to amend her pleadings, was an abuse of discretion. The wife did not receive the order allowing her prior counsel to withdraw or the order dismissing her counter petition and giving her twenty days to amend the pleading until five days prior to the expiration of that twenty-day period. The court did not grant any stay of the proceedings in order for the wife to secure new counsel after her attorney's withdrawal. The wife immediately moved for an extension of time in which to file an amended complaint. Even though she had not filed a proposed amended complaint by the time of the hearing held a month and a half after the motion to amend was filed, the wife had no counsel and was not voluntarily proceeding without counsel.
In denying the motion for extension of time, the court noted that the case had been pending for a considerable period of time. A good part of that period of delay, however, was attributable to the failure of the trial court to enter an order on the motion to dismiss.
The effect of the court's two orders was to deny the wife's ability to amend her counter petition, although she had not abused the privilege. See Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996) (holding "leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile."). The wife was also required to go to trial without the services of an attorney. We conclude that the actions of the trial court deprived the appellant of a fair proceeding and constituted an abuse of discretion. We therefore reverse and remand for further proceedings. So as not to create any further delays, we direct that the wife shall have twenty days from the issuance of the mandate in this case to serve her amended counter petition.
POLEN and GROSS, JJ., concur.