64 So.2d 646 (1953)
BRASS
v.
REED.
Supreme Court of Florida, en Banc.
April 10, 1953.
Rehearing Denied May 15, 1953.
Hull, Landis, Graham & French, Daytona Beach, for appellant.
Curtis Basch and P.W. Harvey, Daytona Beach, for appellee.
MATHEWS, Justice.
This is a suit by an attorney against a client.
The appellee is 76 years of age. The relationship of attorney and client began between the parties in 1922 and she paid him his fees until 1928. According to the allegations of the bill of complaint, in 1930 the appellee told the appellant that she wished to leave him $10,000 in her will for services rendered and to be rendered up to the amount of $10,000. In 1940 appellee advised the appellant that she wished to leave him everything she then had, and pursuant thereto, she made and executed a will to that effect. After making such will, she remarried and then executed still another will leaving the entire estate to the appellant. At that time the estate was worth approximately $100,000.
In 1943 the attorney purchased a piece of land at Daytona Beach for which he paid *647 $30,000. He told his client about it and after some conversation between them, she paid him $15,000 and received a deed from him for an undivided one-half interest of a life estate in the property. Although the deed was restricted to the one-half interest in a life estate, it was entitled "warranty deed". It was not recorded. In 1950 the appellee claimed that she had found out that she only had a one-half interest to a life estate in the property instead of a complete one-half interest. There was some conversation between the parties, and it is alleged in the bill of complaint that on or about August 25, 1950, the appellee, without just cause, advised plaintiff that she was terminating their relationship as attorney and client and indicated that she would have nothing further to do with the plaintiff, and "she thereby breached and violated the aforementioned understanding and agreement." At that time, it is further alleged that, she requested the attorney to cause to be executed and delivered to her an absolute deed to an undivided one-half interest in the said property in lieu of said life estate and that the attorney refused and declined to do so. She did at that time request a return of her Last Will and Testament. About a month after the appellee informed her attorney that their relationship was terminated, this suit was instituted, seeking a decree requiring the appellee to will her entire estate to the attorney and quieting his title to the real estate.
A motion to dismiss the bill of complaint was granted and then an amended bill of complaint was filed. The essential difference between the original bill of complaint and the amended bill of complaint is that in the amended bill of complaint the attorney has apparently abandoned any theory that he is entitled to the entire estate of the client but is entitled to the fair value of his legal services, to be determined in a court of equity and preserved by such court of equity by the entry of a final decree: that such final decree should require the client "to cancel any testamentary provisions contained in any subsequent testamentary document to the extent that such subsequently executed testamentary provisions purport to deprive the plaintiff of the right to receive payment of the fair and reasonable value of services rendered by him to the defendant in such amount as may be determined by the Court", or "That the Court will decree that the defendant holds her properties in trust for her own use during her life with remainder in fee to the plaintiff, or his heirs, devisees and legatees, to the extent of the value of services rendered by the plaintiff to the defendant in an amount to be adjudicated by the Court after hearing the evidence in the cause."
The Court granted the motion to dismiss the amended bill of complaint and entered its final decree from which this appeal is prosecuted.
The allegations of the bill of complaint are insufficient to show a cause of action entitling the appellant to a decree quieting title to the real estate in question. It is true that the allegations of the bill of complaint show that appellee told other persons that her attorney had defrauded her because he told her he would sell an undivided one-half interest of the fee simple title for $15,000 and had only given her a title to a one-half interest in a life estate. According to the allegations of the bill of complaint, she admitted that she only had title to an undivided one-half interest in a life estate. The fact that she claimed or made statements to the effect that she had been defrauded does not constitute a cloud on the title of the appellant.
When that part of the bill of complaint seeking to have a cloud removed from title is eliminated, nothing remains except the question of attorney's fees.
In the final decree the Chancellor said:
"In the original Bill of Complaint herein the plaintiff grounded his cause of action upon the principle that there was a possibility of a contractual agreement to make a Will in favor of plaintiff, who had for many years been the attorney for and confidante of the defendant, but abandoned this theory in his second complaint by stating in the Amended Bill of Complaint that `the provisions in said Will in favor of the plaintiff were in the nature of a gift which the defendant could revoke at *648 her pleasure.' This of course, states the general rule of law as understood by this Court. In the Amended Bill of Complaint, this Court is asked to require the defendant to so draft her Will that the plaintiff will not be deprived of attorney's fees which he may have earned while acting as the defendant's attorney during her lifetime. This is not a ground for the exercise of equitable jurisdiction because the plaintiff has an adequate remedy at law for the collection of his fees. The pleadings show that the defendant is a person of substantial financial responsibility so that a judgment, if obtained, would be collectible. Furthermore, were she to pass away an appropriate claim could be filed against her estate."
It is urged by the appellant that there are special circumstances which distinguish this case from a "run of the mill" case. The special circumstances set forth are that the appellant is a lawyer and he has the burden of proving the fairness of his transactions and that he or the appellee may die and testimony with reference to the transaction would then be unavailable or inadmissible. The fact that the appellant is a lawyer does not require a different rule. He is no more entitled to maintain a cause of action for attorney's fees in a court of equity than any other person for services rendered or for labor, supplies and materials. The only difference in dealings between attorney and client and other people is that the relationship between an attorney and client is very intimate, close, personal and confidential, and an attorney is required to exercise in all his dealings with his client a much higher standard than is required in business dealings. See Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. 699.
It is further urged by the appellant that he should be permitted to maintain this action in equity because otherwise the statute of limitations might run against him. There is no merit in this contention.
The bill of complaint alleges a contractual relationship between the attorney and client whereby the attorney was to be paid for his services by the making of a will by the appellee and that no bills for services were to be rendered because of this contract. According to the allegations of the bill of complaint, the contract was breached on or about the 25th day of August, 1950. At the time of such breach, appellant then had a right to file a suit and maintain an action for attorney's fees. He elected to bring this suit in a court of equity.
In the case of Frierson v. Frierson, 110 Fla. 416, 149 So. 18, 19, this Court held that Equity Rule 75, 31 F.S.A., applies to a case like the one here, and if the plaintiff is not entitled to relief in equity but might have an action at law, the Court should make an order transferring the cause to the law docket. With reference to the statute of limitations this Court said:
"Although the statute of limitations may have run when the transfer occurs, such fact is no bar to the transfer, nor does the transfer amount to the institution of a new suit in which the defendant may successfully plead the statute of limitations which had not run at the time of the institution of the suit in the court where it was first filed. Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075."
In a later case of Edmun Realty Corporation v. Kearns, 158 Fla. 558, 28 So.2d 834, 836, the Chancellor denied a motion to dismiss the bill of complaint which was seeking specific performance. This Court held that the bill of complaint failed to allege facts sufficient to justify specific performance, but did show that the defendant retained something like $4500 of the plaintiff's money which he was legally bound to return to the plaintiff, and that plaintiff had a cause of action at law. This Court then said:
"So there is no equity in the bill and in view of the allegations made, the bill should have been dismissed unless application was timely made for an Order transferring the cause to the law side of the courts docket under the provisions of Sec. 75 of the Florida Chancery Practice Act. F.S.A. § 63.75.
"Certiorari is granted and the order reversed is quashed with directions to the court below to dismiss the bill without prejudice to order the cause transferred *649 to the law side of the docket if the plaintiff shall so move."
According to the allegations of the bill of complaint, the appellant is entitled to a reasonable attorney's fee upon a quantum meruit basis. He is not entitled to have such issue tried in a court of equity. It should be tried in a court of law where a jury can determine from the sworn testimony the amount of attorney's fees to be awarded.
The appellant should be given an opportunity to invoke Equity Rule 75 by moving that the cause be transferred to a law side of the docket within 30 days after the issuance of mandate of this Court, and the equity court should continue to exercise jurisdiction of the matter for such period of 30 days for that purpose only, or dismissed without prejudice to the right of appellant to pursue such other remedy as he may deem advisable.
Affirmed with directions to proceed further in accordance with this opinion.
ROBERTS, C.J., and THOMAS and SEBRING, JJ., concur.
TERRELL, HOBSON and DREW, JJ., dissent.
DREW, Justice (dissenting).
I find myself unable to agree with my brothers in holding that the judgment of the lower court should be affirmed.
I agree that that portion of the complaint seeking to quiet title on the ground that the defendant had told other persons that the plaintiff had defrauded her by deeding her a life estate instead of an undivided half interest therein in fee simple was wholly without merit. I cannot agree, however, that the remainder of the bill of complaint relating to attorneys fees, extending over a period of 22 years, is without equity. Of course, if there is any equity in the bill of complaint it was error to dismiss it.
The lower court based its final decree dismissing the bill of complaint on the proposition that the plaintiff had an adequate remedy at law for the collection of his fees. That the plaintiff had a remedy at law to recover his fees I have no doubt, but that such remedy is adequate I seriously question.
As I understand according to the allegations of the bill of complaint it was not until 1950 that any friction developed between the parties. For 22 years the plaintiff below had rendered legal services and for 22 years the defendant had accepted such services under an arrangement between them which began in 1928, and which for the period subsequent to 1928 was to be paid for by a legacy of $10,000 to be left to the plaintiff. The arrangements and details subsequent to 1940 were varied but generally along the same line, and, finally, the defendant agreed to leave him all her property in consideration of his legal services until she died. The defendant later married, there was a quarrel between plaintiff and defendant after her husband died and this litigation ensued.
Recognizing at the threshold the general rule that the law does not look with favor on agreements between attorney and client and that the utmost good faith is required of the attorney in such dealings, See Gould v. State, 99 Fla. 662, 127 So. 309, 312; 69 A.L.R. 699, and the cases and authorities there cited, such contracts or agreements are not void and we must recognize that they are in many instances in the interest of the client. We cannot assume on the record here that this contract does not measure up to the standard the courts have fixed.
I am convinced that the remedy at law is not an adequate remedy for the plaintiff. We have said on many occasions that such remedy must be full, complete and adequate. A great number of decisions of this Court have firmly embedded the principle in our jurisprudence that where rights are legal but there are exceptional circumstances in the case  something out of the ordinary  rendering the remedy at law inadequate, equity will intervene and render complete justice and full protection to the parties. See Pepper v. Beville, 100 Fla. 97, 129 So. 334; Haydon v. Weltmer, 137 Fla. 130, 187 So. 772; Moss v. Sperry, 140 Fla. 301, 191 So. 531, 125 A.L.R. 909, and similar cases.
*650 I think that from the standpoint of both the plaintiff and defendant in the court below, and in the interest of justice, the proper forum for the determination of this dispute is a court of equity. More substantial justice may be done there because of the peculiar circumstances, the long period covered by the controversy, the close relation of the parties over a period of years and the greater reach of a court of equity to learn and discover the truth and to mete out justice in cases of this kind. For these reasons I feel that the lower court erroneously determined that the remedy at law was adequate. It follows that there was equity in the bill of complaint and the decree should be reversed.