75 So.2d 909 (1954)
Carrie Taylor WINN, Appellant,
v.
CITY OF COCOA, a Municipal Corporation, Appellee.
Supreme Court of Florida, Division A.
November 19, 1954.
Rehearing Denied December 13, 1954.
*910 Truett & Watkins, Tallahassee, for appellant.
Robert Godbey, Cocoa, for appellee.
MATHEWS, Justice.
In this case the husband of the defendant in the court below had himself for a client and also attempted to represent his wife. The primary question presented on appeal is the allowance of an attorney's fee, for the reasonable value of the services rendered by the attorney for the appellant in a condemnation suit, by the Cirsuit Judge after the verdict of the jury which awarded no attorney's fee.
The so-called transcript of record does not reveal what took place except by the unimpeached order of the Circuit Judge. The so-called transcript of record violates most of the rules of this Court and probably the appeal should be dismissed for that reason, but due to the fact that one of the defendants, attorney for appellant here, evidently a layman, is attempting to represent himself and his wife, we will exercise our discretion and decide the case from the record presented.
From the order of the Circuit Judge it appears that title to the property was in Carrie Taylor Winn and that on the 14th day of September, 1951, she employed one Robert Godbey as her attorney in the case. Godbey entered upon his duties as such attorney, prepared all necessary pleadings, made appearances before the Court on various hearings, secured many witnesses to be present at the trial to testify on behalf of his client, and performed all of the duties of an attorney, prior to his dismissal by his client immediately preceding the actual trial of the case. In the order allowing attorney's fee the Circuit Judge said:
"That on the 23rd day of October, 1953, the said Robert Godbey, having been dismissed by his client by telegram dated the 20th day of October, 1953, and containing the words, `We totally disown participation by you during trial October 26.' The said telegram being signed `Carrie B and T.D. Winn, Jr.', That Carrie B. Winn is the same person as Carrie Taylor Winn, Defendant in this case; the said Robert Godbey was by order of this Court, upon the said October 23, 1953, released as attorney of record for Carrie Taylor Winn, Defendant herein. And the terms of the same order declared a lien upon any recovery by the said Carrie Taylor Winn, for a reasonable attorneys fee for the services of the said Robert Godbey, *911 the amount thereof to be fixed by suitable proceedings at an appropriate time by this Court.
"That on October 26, 1953, at the beginning of the trial in this case, the said Robert Godbey was present in the Court room, prepared to resume his duties as attorney for the said Carrie Taylor Winn, should he be requested so to do. That though T.D. Winn, Jr., husband of the said Carrie Taylor Winn, was also present in the Court room at the beginning of the trial of this case, no request was made by any person for the said Robert Godbey to resume his duties as attorney for the said Carrie Taylor Winn, and the said Robert Godbey took no part in the actual trial of this case.
"That no attorney having appeared in behalf of the said Carrie Taylor Winn, the Court, of its own motion, called all the various witnesses who had been secured by the said Robert Godbey, to testify in behalf of the said Carrie Taylor Winn, and the said witnesses did testify in behalf of the said Carrie Taylor Winn.
"That upon an application for allowance of attorneys fees for the said Robert Godbey, heard by this Court on the 22nd day of December, 1953, and being present the said Carrie Taylor Winn, in person, and the said Robert Godbey; the Court did allow the said Robert Godbey a reasonable fee for his services as attorney for the said Carrie Taylor Winn and did give him, the said Robert Godbey, 10 days in which to submit a showing as to the amount of his services and as to what would be a reasonable fee therefore. And the said Robert Godbey having submitted to the Court a showing as to the amount of work done, of the time engaged, supported by statements from L.C. Crofton and J.J. Jackson, attorneys of long practice and good standing at the bar of this Court, that in their opinion, under all the circumstances herein, an allowance of three-fourths (3/4) of Ten percent (10%), or Seven and one-half percent (7 1/2%) of the amount recovered by the said Carrie Taylor Winn, Defendant, would be fair and reasonable. And no showing having yet been made by the said Carrie Taylor Winn as to her opinion of the value of the services of the said Robert Godbey, although she was allowed 10 days from the filing of the showing by the said Robert Godbey, to make any counter, or contrary showing she desired."
With reference to attorneys' fees, the appellant filed before the Circuit Judge a statement containing the following:
"As to Counsellor Robert Godbey, we readily and gladly admit that he has done a vast amount of professional labor in re this Common Law Case No. 3327 and that he should be bountifully compensated therefor; that is to say * * * compensated by The City of Cocoa, Florida. As for ourselves, we have not the slightest sensation of being under any statutory, moral or ethical duty to pay to Counsellor Robert Godbey even one penny for services rendered professionally by him in re Common Law Case 3327. As stated on previous occasions, we stand ready to co-operate with Counsellor Robert Godbey in a bona fide effort to collect his just fees from the City of Cocoa, Florida, but on the other hand, we propose to resist to the very limit of our ability any effort by any one to foist any such fees in the premises upon us."
It appears from the record that when the regularly employed attorney was discharged, he immediately called the matter to the attention of the trial judge and asked for leave to withdraw from the case. His request was granted and at that time the trial judge made an order allowing to the attorney a lien for the reasonable value of his services and a lien upon the amount of recovery, should recovery be had. The jury returned a verdict as to the value of the land but it did not contain any award of attorney's fees because and so far as this *912 record shows, the appellant had made no request for attorney's fees.
The provisions of the law with reference to attorneys' fees is for the benefit of the landowner, and F.S. § 73.11, F.S.A. provides that the verdict of the jury should state the compensation to be made for the land "including a reasonable attorney's fee for the defendant's attorney". F.S. § 73.16, F.S.A. provides that all costs shall be paid by the petitioner, including a reasonable attorney's fee to be assessed by the jury. The attorney's fee therein provided for is for the benefit of the landowner. The landowner employs the attorney and it is the policy of the law to provide that the petitioner should pay a reasonable attorney's fee to the landowner for an expense incurred by him in defending his rights. This right of the landowner to an attorney's fee may be waived by the landowner. In this case the record fails to disclose any effort whatsoever by the landowner to secure a reasonable attorney's fee for the services of her attorney.
The landowner had a perfect right to discharge the attorney but at the time of such discharge was obligated to the attorney for a reasonable fee for the services rendered up to the time of such discharge, and as the services rendered were in connection with the recovery, it was proper for the Circuit Judge to protect the attorney by impressing upon the fund a lien for the reasonable value of the services rendered. At the time of subsequent proceedings fixing the value of the attorney's fee, the fund was in the registry of the Court and subject to its lawful control and disposition.
This case is not like the cases of Jacksonville Terminal Co. v. Blanshard, 77 Fla. 855, 82 So. 300; Id., 85 Fla. 500, 96 So. 286; and De Soto County v. Highsmith, Fla., 60 So.2d 915. In those cases the petitioners dismissed the actions before verdicts and judgments. In each case this Court held that the petitioner was liable and could not escape liability by dismissing the proceedings before verdict and final judgment.
In this case the landowner was liable to the attorney and could have protected herself by claiming attorney's fees as provided for by the statute. Having failed to request attorney's fees or to offer any evidence as to the value of such attorney's fees, the landowner cannot now relieve herself from liability to the attorney of her choice for the services rendered by him in the case until the time of his discharge by said landowner.
In Randall v. Archer, 5 Fla. 438, this Court held that an attorney who conducts a suit has a lien for his fees from the fund recovered as long as it remains in the custody or control of the Court.
The Federal Court has applied the Florida rule with reference to services rendered in Florida. See the case of Chancey v. Bauer, 5 Cir., 97 F.2d 293.
The record discloses: that the appellant had due and timely notice of the proceedings after judgment and was actually present (through her husband) in Court at the time the Court determined what was a reasonable fee and the appellant agreed that the amount of the fee was reasonable; that the attorney, Robert Godbey, had a lien upon the money recovered; and that the money recovered was still in the registry of the Court. No error has been made to appear in the proceedings whereby the Circuit Judge determined the amount of the lien and the payment from the fund in the registry of the Court.
The right of the appellant to proceed against the City of Cocoa, or the liability of the City of Cocoa to the appellant is not presented and is not passed upon.
No reversible error has been made to appear and the judgment appealed from should be, and the same is hereby,
Affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.