TERRELL, Justice.
Appellant as plaintiff filed his complaint against appellee as defendant in the appropriate court wherein -he challenges the legality of a water rate imposed on him by defendant, prays for temporary restraining order and other relief not necessary to detail at this time. A motion to dismiss the complaint was granted and this appeal was prosecuted from that order.
We are confronted with (1) motion of appellee for substitution of attorneys, (2) a counter motion to strike the motion for substitution of attorneys and (3) motion *740 for continuance of the cause by attorneys of record.
It appears from the record that in November 1954 attorneys for appellee submitted their client a bill for services in the trial court of $2,500, which was a part only of the total fee of $15,685 for the service.. On January 7, 1955 appellee wrote its attorneys a letter discharging them. Attorneys for appellee are resisting being discharged until their fee is paid.
The rule is well settled that where attorneys have no personal interest in the subject matter of the litigation, a litigant may discharge or change his attorney of record and substitute another at any time provided he secures consent of the court and pays the discharged attorney the fee he has earned. If for any reason the litigant seeking the discharge and substitution of attorney cannot do this, there being no showing of misconduct, neglect of duty or fraud on the part of the attorney, the litigant should make his reasons known to the court and if it appears that justice to him requires the change in attorney the court may make such order as seems to him right and just that will protect the discharged attorney and the litigant. 5 Am.Jur. 284, 33 A.L.R. 1297, and 124 A.L.R. 725.
Tlie cause is accordingly remanded to the circuit court with directions to proceed as indicated herein, determine the fee that has been earned by attorneys for appellee and order that it be paid as a condition to discharge of its present attorneys and the substitution of other attorneys in their stead. When said order has been complied with the trial court will make the substitution of attorneys and advise this court, at which time we will make the appropriate order here.
Until the foregoing is complied with, all proceedings in the cause will' be suspended including the time for filing briefs or other pleadings or proceedings that may be necessary to perfect the appeal.
It is so ordered.
MATHEWS, C. J., and ROBERTS and BUFORD, JJ., concur.