89 So.2d 669 (1956)
Robert G. RAMSEY and Virginia L. Ramsey, his wife, Appellants,
v.
Robert G. LOVETT and Elizabeth M. Lovett, his wife, Appellees.
Supreme Court of Florida. Division B.
September 26, 1956.
Samuel D. Wallace, Miami, for appellants.
Ives & Kirk, Miami, for appellees.
O'CONNELL, Justice.
Appellees, Lovetts, were the plaintiffs and appellants, Ramseys, were the defendants in the court below.
Plaintiffs filed a bill of complaint in equity against the defendants charging that plaintiffs had been damaged by defendants having fraudulently misrepresented material facts regarding lands and improvements sold by defendants to plaintiffs. The plaintiffs complained that the defendants were either out of the State or were concealing themselves so that personal service of process could not be had on them and that the defendants had sold all their property except one parcel of real estate which they were attempting to sell.
Plaintiffs, in effect, alleged that if defendants sold this parcel of land defendants would have no assets in the State on which plaintiffs could levy to satisfy any decree or judgment obtained by them for their damages and that this, coupled with their inability to get personal service on defendants, meant that they had no adequate remedy at law, and that therefore they were entitled to invoke the aid of a court of equity.
Boiled to its essentials the suit was one for an injunction, which was never issued, and for damages. There was no prayer for rescission.
*670 The defendants moved to dismiss the bill of complaint on the grounds that the bill of complaint failed to state a cause of action for which equitable relief could be granted and that a court of equity had no jurisdiction since the plaintiffs had an adequate remedy at law.
The motion to dismiss was denied, the case was tried and a final decree rendered for the plaintiffs. The defendants appeal from the final decree.
We think the Chancellor committed error in refusing to grant the motion to dismiss.
It is true that injunction is a matter for equity jurisdiction, but merely praying for an injunction does not mean that equity jurisdiction of the whole cause is automatically invoked.
While a court of equity, having once obtained jurisdiction of a cause will retain it for all purposes and administer complete relief, yet in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction both alleged and proven; otherwise a court of equity will not retain jurisdiction and grant a purely legal remedy. Gentry-Futch Company v. Gentry, 90 Fla. 595, 106 So. 473; Norris v. Eikenberry, 103 Fla. 104, 137 So. 128; Willis v. Fowler, 102 Fla. 35, 136 So. 358; Brass v. Reed, Fla. 1953, 64 So.2d 646.
The bill of complaint alleged no grounds for equitable relief. It was essentially a suit for damages which should be properly tried in a trial on the law side of the docket. It should have been dismissed or transferred to the law side of the docket.
Accordingly the decree appealed from is reversed with leave to appellees-plaintiffs to move to have the cause transferred to the law side of the docket within 30 days from the date of the issuance of the mandate of this Court. The equity court shall continue to exercise jurisdiction of the matter for such period of 30 days, only for the purpose of transferring said cause to the law side of the docket. If no motion to transfer said cause to the law side of the docket be made, then this cause shall be dismissed without prejudice to appellees-plaintiffs to pursue such other remedy as they may deem advisable.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.