CARROLL, CHAS., Chief Judge.
The appellant filed an equity suit against Mary Y. Beals, individually and as exec *883 utrix of the estate of Edward E. Beals, deceased, alleging that it had performed certain services under contract made with Edward E. Beals before his death, for which plaintiff claimed a lien under Chapter 84, Fla.Stat., F.S.A., on certain property owned by the deceased and his widow, and in the alternative claimed an equitable lien. In the complaint, also, the plaintiff sought a decree for money damages in the event a lien was not allowed.
The defendants filed an answer incorporating a motion to dismiss, following which the matter was brought on for hearing on the pleadings, on motion of defendant filed pursuant to Rule 1.11(c) of 1954 Florida Rules of Civil Procedure, 30 F.S.A. The chancellor granted defendants’ motions, and dismissed the cause with prejudice. The appeal is directed to that order of dismissal.
The claim of a statutory lien was abandoned in the argument, but on appropriate assignments of error appellant contends that it should be held to have an equitable lien, or in the absence of a lien that it should be entitled to a judgment for money damages.
The record supports the ruling of the chancellor that the plaintiff showed no basis for a statutory or equitable lien, and we see no need to discuss the facts set out and the contentions of counsel relating to those features of the suit. It was not error for the court to refuse to retain jurisdiction in the equity suit for trial of the claim for a money judgment. Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473, 475; Norris v. Eikenberry, 103 Fla. 104, 137 So. 128, 135; Brass v. Reed, Fla.1953, 64 So.2d 646, 648; Ramsey v. Lovett, Fla.1956, 89 So.2d 669, 670.
In the complaint it was alleged that the decedent Beals had agreed to pay plaintiff $6,000 to do certain work, for the performance of which a money judgment was sought. That legal claim should not have been dismissed, but should have been transferred to the law side of the court as provided for by Rule 1.39, 1954 Florida Rules of Civil Procedure, 30 F.S.A. To that extent the decree is reversed and the cause remanded for further proceedings. See Brass v. Reed, supra. In all other respects the decree is affirmed.
Affirmed in part and reversed in part.
HORTON and PEARSON, JJ., concur.