105 So.2d 771 (1958)
Inez Stengel GAY, Appellant,
v.
George C. McCAUGHAN, Appellee.
Supreme Court of Florida.
May 28, 1958.
On Rehearing October 29, 1958.
*772 Daniel L. Ginsberg, Miami, for appellant.
John H. Gunn, Miami, for appellee.
DREW, Justice.
This cause was dismissed by the court below upon the stated grounds of (1) lack of jurisdiction, and (2) election of remedies by institution of civil suit for damages against the appellee and others *773 in federal court. On its face this would not appear to be a ruling on the merits of the complaint, which attacked collaterally certain orders or decrees entered against appellant several years previously in a curatorship created upon the petition of appellant and another on behalf of her aged grandmother, before another division of the trial court. But inherent in the order appealed from is a finding that, on the basis of the allegations in the bill, the orders attacked were not void but merely voidable. The defense of lack of jurisdiction could not otherwise be applicable, in view of the established and uncontroverted doctrine that any competent court may at any time adjudicate the invalidity of an order or decree which is void for lack of jurisdiction of parties or subject matter. See Malone v. Meres, 91 Fla. 709, 109 So. 677, and cases there cited.
The sole relief prayed for in this suit is the dissolution of a contempt order and a personal judgment in amount of $6,000 rendered against the appellant in favor of appellee in the earlier curatorship proceeding. While the latter judgment might affect the issue of damages in the action by appellant in federal court, its validity is not otherwise controlling or even material in the federal action by which appellant sought to recover damages from appellee for failure to carry out his contractual professional obligations to her as his client. Such, in fact, was the opinion of the federal court on appeal, in remanding that cause for trial as to appellee. Gay v. Heller, 5 Cir., 252 F.2d 313. We therefore conclude that the doctrine of election of remedies, based upon comity, is not here applicable, and whatever might be the power of the federal court to determine the validity of the orders in question, the point was wholly beyond the issues there involved. Cf. 8 Fla.Jur. p. 398 et seq. State ex rel. Dos Anigos, Inc., v. Lehman, 100 Fla. 1313, 131 So. 533.
The basic issue on this appeal is, then, one of law: whether the controverted orders, shown by the pleadings and exhibits in the cause to have been entered during appellant's absence from the state and without service of process upon her, are subject to jurisdictional infirmities.
Appellant and another relative retained the appellee attorney in connection with the handling of appellant's grandmother's person and property, and, as above noted, signed a petition on the basis of which a curator was appointed. Appellant was not, according to the conceded facts, entitled to initiate these proceedings under the controlling law. Sec. 747.06, F.S. 1955, F.S.A. Without regard to this point, we think the attack upon the ensuing orders or decrees against her must be sustained upon broader grounds.
Even if such a petitioner could under any circumstances become liable for counsel fees for services in connection with the appointment, in the face of the statutory provision for payment from the estate of the ward, Sec. 747.13, F.S. 1955, F.S.A., it is clear that the theory upon which attorney's fees are allowed in this jurisdiction in a principal action, without resort to independent suit, has no applicability to the case at bar. Fla.Law & Prac., Atty. & Client, Secs. 23, 24. This right to recover fees against one's client, in the proceeding in connection with which services are rendered, is solely incident to the enforcement of an equitable charging lien against a fund or res created by such services. Chancey v. Bauer, 5 Cir., 97 F.2d 293; Nichols v. Kroelinger, Fla., 46 So.2d 722.
The doctrine is strictly limited and affords no basis for award of a personal judgment, unrelated to any lien or right in rem against funds of the client, without due adjudication of the claim in adversary proceedings. Cf. Brass v. Reed, Fla., 64 So.2d 646; and see In re Barker's Estate, Fla., 75 So.2d 303, for a clearly distinguishable award in probate. The allegations of the complaint and exhibits in this connection are quite adequate to sustain appellant's position that the face of the record showed lack of jurisdiction to *774 make the award, i.e. that the subject matter was beyond the cognizance of the court in this proceeding. Lovett v. Lovett, 93 Fla. 611, 112 So. 768.
The remaining issue presents greater difficulty: whether or not the complaint sufficiently states cause for relief against the contempt decree as void for lack of jurisdiction, or merely voidable so as not to be subject to collateral attack at this point. The order and sentence apparently grew out of certain efforts by appellant in New Jersey to prevent delivery to the curator of the ward's trust assets in that state, although we find no copy of the contempt order incorporated in the transcript.
Appellee argues that the act of signing a petition for appointment of a curator puts one in the position of an adversary party burdened with the "duty of keeping up with the cause, and * * * affected with notice of all subsequent proceedings." Merrill on Notice, Vol. 3, Sec. 1119. He further invokes the principle that a court retains jurisdiction of parties before it, even after final decree, for the purpose of punishing acts of contempt by them without service of process anew. Seaboard Air Line R. Co. v. Tampa So. R. Co., 101 Fla. 468, 134 So. 529. Annotation 76 L.Ed. 390.
Both points are resolved by a consideration of the nature of the proceeding involved. A curator under our law stands in much the same position as a guardian of property (Sec. 747.18, F.S. 1955, F.S.A.). It is generally recognized that such appointments, springing from statutory authority, are special proceedings not subject to rules governing an ordinary adversary suit. 39 C.J.S. Guardian and Ward § 21. Neidermyer v. Neidermyer, 237 Iowa 685, 22 N.W.2d 346; Hall v. Hall, 122 Neb. 228, 239 N.W. 825.
Our own cases applying Section 747.06, supra, characterize the initiation of a curatorship as a duty on the part of the designated parties, as opposed to a right or privilege. Grant v. Odom, Fla., 76 So.2d 287. Thus, even if appellant's interference with efforts of the curator to take possession of the assets in question could be deemed a legal contempt, a point not before us for decision, there exists a plain distinction between this situation and that where a party violates an injunctive order previously directed against him for the benefit of an adversary by a court before which he stood as a party litigant. Seaboard Air Line R. Co. v. Tampa So. R. Co., supra.
Even assuming the court's plenary jurisdiction over a petitioner during pendency of the petition, the disposition of such a petition by appointment of a curator terminates all interest of a petitioner in the proceedings. The basis upon which parties to litigation remain subject to the court's jurisdiction for purposes of contempt proceedings after final decree, i.e. the necessity for protecting an adversary's interests under an order or decree in his favor, has no applicability in the situation at bar. Annotation 76 L.Ed. 389, supra. "Such proceedings are * * * properly proceedings in rem * * * the court having jurisdiction of a guardianship matter is said to be the superior guardian, while the guardian himself is deemed to be an officer of the court." In re Clendenning, 145 Ohio St. 82, 60 N.E.2d 676, 680, 25 Am. Jur., Guardian & Ward, Sec. 2. Under this theory, it is difficult to see how, in any event, the alleged conduct of appellant could have constituted a civil contempt remedial in nature and triable in the principal action, as opposed to criminal contempt or transgression of the authority of the court itself, which under our law is treated as an independent punitive proceeding. South Dade Farms, Inc., v. Peters, Fla., 88 So.2d 891; Seaboard Air Line R. Co. v. Tampa So. R. Co., 101 Fla. 468, 134 So. 529.
But upon either view, the conclusion above, with reference to the effect of the disposition of the petition as severing petitioner's relationship to the cause and terminating jurisdiction over her, requires a *775 reversal of the order herein. The cause should be remanded for further proceedings in accordance with the principles expressed.
It is so ordered.
TERRELL, C.J., and HOBSON, ROBERTS and O'CONNELL, JJ., concur.

On Rehearing Granted
PER CURIAM.
A rehearing having been granted in the above named cause and the case having been further considered upon the record and briefs and argument of attorneys for the respective parties, it is ordered and adjudged by the Court that the opinion of this Court filed May 28, 1958, in said cause, be and the same is hereby adhered to on rehearing.
TERRELL, C.J., and HOBSON, ROBERTS, DREW and O'CONNELL, JJ. concur.