122 So.2d 24 (1960)
Khudourle CHAACHOU, Appellant,
v.
Fredericka Phillips CHAACHOU et al., Appellees.
No. 59-548.
District Court of Appeal of Florida. Third District.
June 30, 1960.
Rehearing Denied July 22, 1960.
*25 John Carruthers, II, Coral Gables, for appellant.
Sibley, Grusmark, Barkdull & King, Miami Beach, for appellees Cypen, Salmon & Cypen.
PER CURIAM.
The appellant is the defendant in a suit for divorce which has been pending in the circuit court in Dade County for a number of years. He has appealed from a judgment for fees, entered in the divorce suit, in favor of attorneys who had represented him during part of the progress of the case. The determination of the right of the attorneys to a fee from the defendant who was their client, and the determination of the amount to be allowed for such fee was made by the court in a summary proceeding held in the divorce suit based on a petition filed by the attorneys.
The record of the matter discloses that in the divorce suit which was commenced in 1952 Irving Cypen began to represent the defendants therein in February of 1956; that in June of 1956 he associated himself with others and formed the firm of Cypen, Salmon & Cypen. Thereafter Irving Cypen was appointed a circuit judge of the Eleventh Judicial Circuit and representation of the defendants by him or by his firm ended or was terminated in November, 1958. Without formal substitution of counsel the defendant was represented in certain subsequent proceedings in the case for the next few months by other attorneys. Four to five months after their services were terminated, the Cypen firm filed a petition in the divorce suit, on March 30, 1959, asking that their clients, the defendants in the suit, be required to show cause why they should not pay them further fees. Their petition alleged employment for the period above mentioned; that the clients had agreed to pay them reasonable compensation for representing them in the suit; and that they had performed services which entitled them to fees above the $10,000 which they alleged had been paid.[1]
*26 Based on the petition the court issued a rule directing the appellant and three corporate defendants to show cause on April 3, 1959, "why the defendants should not pay the balance of the attorneys' fees due and owing to the firm of Cypen, Salmon & Cypen." On the return day, the defendants filed a motion to quash the rule, challenging the right of the court to require the clients to pay fees to the attorneys in summary proceedings in the divorce suit. Sometime after the hearing on the motion to quash an order was made reserving ruling thereon, and setting the matter for final disposition July 17, 1959. The petition was then heard pursuant to the last mentioned order and resulted in the order appealed from, and which order determined that the firm of Cypen & Salmon (apparently the successor to the firm for which fees were sought, which was Cypen, Salmon & Cypen) was entitled to additional compensation, determined the amount of reasonable compensation to be paid them, granted judgment thereon, ordered the defendant Chaachou to pay such sum on or before August 24, and that in default of payment of the judgment by that date execution should issue thereon. The judgment ran against the defendant Khudourie Chaachou only, and not against the order three respondents to the rule to show cause, and this appeal therefrom is by Khudourie Chaachou.
The appellant filed a number of assignments of error which included contentions that the court erred in failing to grant the motion to quash and in entertaining jurisdiction, in the equity suit, of a separate fee controversy between the defendant husband and his attorneys. Based on such assignments the appellant's brief stated the following question:
"Whether the chancellor, sitting in equity in the circuit court, may entertain petition for rule to show cause why attorney's fees should not be paid when the payment of fees between attorney and client was agreed to be upon a reasonable fee basis."
In seeking reversal the appellant relied on Brass v. Reed, Fla. 1953, 64 So.2d 646; D'Agostino v. Peoples Water and Gas Co., Fla. 1955, 78 So.2d 739, and Brasch v. Brasch, Fla.App. 1959, 109 So.2d 584, and argued that under those authorities the court was in error in trying these questions as to fees between the client and the attorneys in the equity divorce rather than in a separate action between them, and particularly by the procedure of directing a rule to show cause against the client on petition of his attorneys.
Appellee argued that as Chaachou had terminated the employment of the Cypen firm and proceeded with other counsel without making a substitution in the cause, the *27 matter should be treated as though he were applying for substitution of counsel and that the court could properly try the questions relating to the right to fees and their amount in the divorce suit as between attorneys and their client, and make the payment thereof a condition of substitution of counsel. Appellee cited certain federal decisions and authorities from several states which sanction a summary trial and determination of questions relating to fees incident to substitution of counsel in a case.
While there is a division of authority on that question in other jurisdictions, it is clearly established in Florida that where no charging lien is involved a lawyer's disputed claim for fees should not be tried against his client in a summary proceeding in an equity suit out of which the claim may have arisen, but must be prosecuted by separate action at law. Brass v. Reed, supra, Fla. 1953, 64 So.2d 646; Brasch v. Brasch, supra, Fla.App. 1959, 109 So.2d 584; Cristiani v. Cristiani, Fla.App. 1959, 114 So.2d 726. See Gay v. McCaughan, Fla. 1958, 105 So.2d 771.
The rule pronounced in Diem v. Diem, 136 Fla. 824, 187 So. 569; Vosges Syndicate v. Everglades Club Co., 122 Fla. 267, 164 So. 881, and D'Agostino v. Peoples Water and Gas Co., supra, Fla. 1955, 78 So.2d 739, opinion on rehearing, 740-741, that on substitution of counsel the court may order payment or security for the fees of the outgoing attorney must be construed, in the light of the cases cited in the preceding paragraph of this opinion, to authorize an order requiring payment of fees when the right to receive a fee is not in contest and the amount of the fee has been fixed or determined by agreement of the parties or by some prior adjudication; otherwise the alternative of requiring security for payment of the fee as it may later be determined should be used by the court to protect the outgoing attorney.[2]
We hold, therefore, that if the amount of the fee is undetermined, and particularly as here, where the right to a fee or additional fee as claimed is in dispute, the contest between attorneys and their client for such fee could not be tried in the divorce suit in a summary proceeding on the attorneys' petition, but should be decided in a separate action at law;[3] and while the chancellor was eminently correct in seeking to protect the outgoing attorneys, as an incident of their removal in favor of other counsel, for such additional fees as they might establish to be due them, that should have been done by an order requiring bond or other security, because the client was entitled to have the issues relating to the claim of his attorneys for additional fees tried in a separate law action, and before a jury there, if requested.
The order appealed from requiring the defendant in the divorce suit to pay fees to his attorneys and granting judgment against him for such fees is reversed and the cause is remanded with directions to enter an order requiring, as an incident to the change and substitution in attorneys which has occurred, that the defendants who employed the attorneys, or one of the said defendants, shall file a good and sufficient bond in such amount as the chancellor deems proper, or provide for other security, to secure payment to the petitioning attorneys of any judgment they may obtain in a separate *28 law action brought to recover such fees.
Affirmed in part and reversed in part, and remanded with directions.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] The petition upon which the attorneys sought and obtained a judgment for fees in the divorce suit was as follows:

"Comes Now the undersigned attorneys, and file this their petition for a rule to show cause directed against the defendants in the above styled cause, Khudourie Chaachou; Paris Corp., a Florida corporation; Columbia Corp., a Florida corporation; and The K. Chaachou Foundation, a non-profit Florida corporation, and in support thereof represent as follows:
"1. The defendants above named employed the firm of Cypen, Salmon & Cypen to represent them in the defense of the above styled cause in February, 1956, and agreed to pay them reasonable compensation for their services.
"2. That in accordance with such understanding the firm of Cypen, Salmon & Cypen undertook such representation and furnished full and legal representation to the defendants from the date of the employment up until November of 1958.
"3. That on November 10, 1958, Irving Cypen, senior member of the firm of Cypen, Salmon & Cypen, withdrew from the practice of law and from the firm of Cypen, Salmon & Cypen by virtue of being appointed as Circuit Judge of the Circuit Court of the Eleventh Judicial Circuit.
"4. The defendants thereafter proceeded to seek other counsel to handle the further representation of their defense. Subsequent to November 10, 1958 certain matters have been presented to the chancellor and pleadings have been filed on behalf of the defendants by Ben Cohen and Wallace Ruff, both of whom are members of the bar.
"5. The defendants have paid up to November 10, 1958 toward the amount due Cypen, Salmon & Cypen, as reasonable compensation, the sum of $10,000.
"6. The defendants have terminated the employment relationship and yet have failed and refused to pay to the firm of Cypen, Salmon & Cypen the balance due for reasonable compensation for the legal services that were rendered up to and through November 10, 1958.
"Wherefore, the undersigned pray that this court enter an order directing the defendants to show cause in writing under oath why the defendants have failed and refused to pay to the firm of Cypen, Salmon & Cypen the balance of the attorneys' fees due."
[2] As pointed out in D'Agostino v. Peoples Water and Gas Co., supra, Fla. 1955, 78 So.2d 739, 741, the amount of such security is not to be deemed conclusive of the amount of the fee thus left for separate determination.
[3] However, when the amount of a fee to be paid to an attorney handling a case has been fixed by contract, and there is no dispute as to right of the attorney, who is sought to be replaced, to a definite portion of the fee for the part of the case handled by him, the portion of the total established fee to which the outgoing attorney thus is entitled may be determined by the court and ordered to be paid as a condition of substitution of counsel. See Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45. That result is in accord with our analysis and holding in this case.