PER CURIAM.
Riddle Airlines, Inc., brings this appeal to review a final decree awarding a money judgment to plaintiff-appellant’s former counsel, which decree was entered after the cause had been dismissed on the merits, and an order taxing costs. The question raised seeks a determination as to whether the chancellor erred when he denied the motion of Riddle Airlines for a jury trial-on the issue of attorney’s fees. We hold that the denial was error and the decree is-reversed.
On August 16, 1961, the chancellor entered a final decree, in the form of an order of dismissal, in which it was provided r
“ * * * that this Court retain jurisdiction as to the plaintiff, RIDDLE AIRLINES, INC. and the movant, PHILIP SCHLEIT, for the purpose of determining and assessing at such time as may be appropriate the amount of fees, if any, which the plaintiff may owe to the said movant, PHILIP SCHLEIT, under and by virtue of the fee agreements existing between the plaintiff and the said PHILIP SCHLEIT.”
*93 On October 12, 1961, plaintiff’s former attorneys filed a motion for a final decree determining attorneys’ fees against plaintiff. This motion set forth in part:
“1. Plaintiff, RIDDLE AIRLINES, INC., and PHILIP SCHLEIT, agreed that PHILIP SCHLEIT was to be paid 30% of the savings for five (S) years, such fees ‘being contingent upon the success of the case.’
“2. The instant suit which was filed pursuant to the said agreement, was dismissed August 16, 1961, as part of the settlement between Plaintiff, RIDDLE AIRLINES, INC., and Defendant, DADE COUNTY PORT AUTHORITY, being resolution 6893 of the Dade County Port Authority, dated September 5, 1961.”
In answer to this motion Riddle Airlines filed its own motions (1) to dismiss the petition to fix attorneys’ fees, and (2) for the entry of an order setting the matter of petitioners’ attorneys’ fees for trial by jury. The chancellor denied both motions and proceeded to hear the evidence of the petitioning attorneys and that of the appellant. At the conclusion of the hearing, the chancellor entered the decree appealed which assessed the sum of $6,421.37 against Riddle Airlines, Inc. for the services of its former attorneys. In the decree the chancellor found :
“4. That Schleit performed substantial services together with his associate J. Leo McShane and that these services resulted in a settlement of a law suit which was financially beneficial to plaintiff.”
We are not here presented with the question as to whether it was proper to reserve jurisdiction to settle the issue of the attorneys’ fees due plaintiff’s former counsel. The extent of a chancellor’s authority upon substitution of an attorney was fully dealt with in Chaachou v. Chaachou, Fla.App. 1960, 122 So.2d 24. The only question here is whether the chancellor should have granted appellant’s motion to transfer the cause to the law side after he had reserved jurisdiction to try the issue. It is apparent that this should have been done.
Ordinarily the question of attorney’s fees is a matter for the law side of the court. Brass v. Reed, Fla.1953, 64 So. 2d 646. Further, it is established in Florida that where no charging lien is involved, a lawyer’s disputed claim for fees should not be tried against his client in a summary proceeding in an equity suit out of which the claim may have arisen. Chaachou v. Chaachou, Fla.App.1960, 122 So.2d 24, 27.
The chancellor recognized this fact, but held that the appellant had waived his right to a jury trial. An introductory paragraph of the decree appealed provided:
“2. While ordinarily this court recognizes that attorneys’ fees are determined upon a trial by jury, if a jury is requested, in this case the order signed by Judge Vann, which had been proposed and drafted by plaintiff’s present counsel, provided that this court retain jurisdiction for the purpose of determining attorneys’ fees, if any, due from plaintiff to Philip Schleit, formerly attorney for plaintiff in the captioned cause.”
We are unable to agree with this-conclusion. No stipulation as to the procedure for the determination of the amount of the fee was entered in the record. Under this state of the record we cannot presume that the plaintiff waived his right to a determination of the amount of the fee under the law as set forth in the Brass and Chaa-chou cases. We therefore hold that the agreement that the court retain jurisdiction for the purpose of determining attorney’s, fees due an attorney of record was not sufficient to establish a waiver of the right to’ a jury trial upon the issue.
For this reason the decree awarding a money judgment to plaintiff’s former coun *94 sel is reversed and the cause remanded with directions to grant plaintiff’s motion for a jury trial by transferring the cause to the law side for further proceedings there. The order awarding costs is reversed to await the outcome of the jury trial.
Reversed and remanded with directions.