204 So.2d 254 (1967)
Ethel KURZWEIL, Appellant,
v.
Edwin O. SIMON, Etc., and Herbert E. Kaufman and Leonard J. Kalish, Appellees.
No. 67-318.
District Court of Appeal of Florida. Third District.
November 21, 1967.
*255 L.J. Cushman, Miami, for appellant.
Herbert E. Kaufman and Leonard J. Kalish, Miami, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
This is an interlocutory appeal from an order entered in a chancery proceeding upon application by plaintiff's attorneys for leave to withdraw from the case and for an award of fees.
The order appealed grants leave to plaintiff's attorneys to withdraw and permits plaintiff to retain other counsel to represent her in the suit. The order further provides:
"3. The Court recognizes that there is a retainer fee due said attorneys, Herbert E. Kaufman and Leonard J. Kalish, and that they are entitled to a fair and reasonable fee for their services herein from the plaintiff, to be determined by appropriate action, and if and when any money or property is payable to the plaintiff by settlement or final determination of this action, the said attorneys are and will be entitled to a charging lien thereon for the payment of the amount due them, and the court will adjudicate their *256 right to, and the amount of such charging lien.
"4. This decree is entered without prejudice to the right to proceed by appropriate action in a separate action if petitioner is advised so to do."
Appellant contends that paragraphs three and four of the order, above quoted, are erroneous in that they award fees to the withdrawing attorneys and impose a lien therefor without trial and before recovery of any money or property to which such lien could properly attach.
The facts and issues in the instant case are similar to those before this Court in the case of Chaachou v. Chaachou, Fla. App. 1960, 122 So.2d 24, and we find the principles therein expressed to be applicable here. The Chaachou opinion states, at page 27:
"The rule pronounced in Diem v. Diem, 136 Fla. 824, 187 So. 569; Vosges Syndicate v. Everglades Club Co., 122 Fla. 267, 164 So. 881, and D'Agostino v. Peoples Water and Gas Co., supra, Fla. 1955, 78 So.2d 739, opinion on rehearing, 740-741, that on substitution of counsel the court may order payment or security for the fees of the outgoing attorney must be construed * * * to authorize an order requiring payment of fees when the right to receive a fee is not in contest and the amount of the fee has been fixed or determined by agreement of the parties or by some prior adjudication; otherwise the alternative of requiring security for the payment of the fee as it may later be determined should be used by the court to protect the outgoing attorney.
"* * * [A]nd while the chancellor was eminently correct in seeking to protect the outgoing attorneys, as an incident of their removal in favor of other counsel, for such additional fees as they might establish to be due them, that should have been done by an order requiring bond or other security, because the client was entitled to have the issues relating to the claim of his attorneys for additional fees tried in a separate law action, and before a jury there, if requested." (Footnotes omitted.)
With the holding of the Chaachou case, supra, in mind, we proceed to an examination of paragraphs three and four of the order appealed.
We have seen that a chancellor may not award fees to withdrawing attorneys in summary proceedings in equity where, as here, the amount of the fee and the right to receive it are in contest. The order here before us contains no award of fees.
The chancellor recognized and stated in his order that any fee due the appellees was "to be determined by appropriate action. * * *" We construe this to mean that the appellees are relegated to their remedies at law, or in other words, that the amount of fees due, if any, must be determined in a separate action at law.
We have seen that the chancellor may, however, require security for payment of the fee as it may later be determined. The order appealed states that the attorneys "will be entitled to a charging lien. * * *" There is no question that the creation of a lien upon the proceeds of any recovery by appellant in the equity action is an acceptable method of providing such security. Winn v. City of Cocoa, Fla. 1954, 75 So.2d 909.
Finally, the order states that the court will "adjudicate their right to, and the amount of such charging lien." We take this to mean that the chancellor intends to determine how and to what extent the lien will be enforced, based upon the results of whatever action at law appellees may pursue. This would be a function properly assumed by the equity court, for, having created the lien, that court has the power to enforce it. See Osius v. Hastings, Fla.App. 1957, 97 So.2d 623, and Winn v. City of Cocoa, supra.
*257 We conclude, then, that the order appealed, while it may be somewhat confusing in form, is proper in substance and effect. Accordingly, having found no error, we affirm.
Affirmed.