PER CURIAM.
These appeals concern an award of attorney’s fee to James E. Moore for services rendered the City of Niceville in a bond validation proceeding.
It appears from the incomplete and confused record filed herein that James E. Moore was employed as attorney for the City of Niceville under a written contract whereby it was agreed that he would receive a monthly salary, and in addition would be paid for litigation services a fee equivalent to $20.00 an hour for the time spent in rendering the services required of him. He instituted at the City’s request, and brought to a conclusion in the trial court, a bond validation suit. While this case was pending in the Supreme Court on appeal, an election resulted in a change in the governing body of the City and Mr. Moore’s resignation was requested. He filed with the court a motion for permission to, withdraw as counsel, and for an order fixing the amount of compensation due him for services rendered in the case under his fee agreement with the municipality. At the hearing on this motion an order was rendered on October 17, 1967, granting permission for Moore to withdraw as attorney, and substituting in his place as successor, Attorney Brooks Taylor. The court retained jurisdiction for the purpose of fixing the compensation due Mr. Moore as prayed in his motion. Appellant City objected to the court assuming jurisdiction of the motion and requested a jury trial on the issue of compensation, which motion was denied by order rendered December 5, 1967.
At a subsequent hearing held for that purpose, the court considered the motion for the fixing of compensation due Attorney Moore. The uncontradicted testimony revealed that Moore worked a stated number of hours in connection with the bond validation suit. Upon consideration of the undisputed evidence as to the time spent by Moore in handling the litigation, the court, by judgment rendered December 12, 1967, awarded a stated sum as the fee to which Moore is entitled under his contract, but ordered that the amount be satisfied and paid out of the proceeds to be derived from a sale of the bonds involved in the validation proceeding. It should be noted that the appeal in the bond validation proceeding which was then pending in the Supreme Court was dismissed by the substituted counsel who replaced Moore, and the entire proceeding held for naught. It is therefore evident that where there will be no proceeds from the sale of the bonds validated in the proceeding litigated by Mr. Moore from which his fee could possibly be paid.
Appellant, City of Niceville, represented by its newly appointed attorney, Taylor, appealed the trial court’s order of December 5, 1967, denying its motion for a jury trial by amended notice of appeal filed February 1, 1968, and the final judgment of December 12, 1967, by original notice of appeal filed January 22, 1968. This appeal is entitled City of Niceville v. State of Florida and bears this court’s finding number J-442. Attorney Moore likewise appealed the trial court’s final judgment of December 12, 1967, by notice of appeal filed December 21, 1967. In this appeal Moore attacks the provision of the judgment which restricts payment of his fee to the proceeds to be derived by the sale of the bonds in the bond validation suit which was later dismissed and not brought to full fruition. As a result of error, mistake, inadvertence, or oversight occurring in the offices of the attorneys for the respective parties herein, this appeal is entitled James E. Moore v. City of Niceville, and bears this court’s filing number K-50.
It is our view that the principle of law controlling the disposition of these appeals is Chaachou v. Chaachou[1] rendered by the Third District Court of Appeal. In that case it was held that where no charging lien is involved, a lawyer’s *765 disputed claim for fees should not be tried against his client in a summary proceeding in an equity suit out of which the claim might have arisen, hut must be prosecuted by separate action at law. The decision further held, however, that on substitution of counsel a different situation arises. Under such circumstances the court may order payment or security for the fees and compensation due the outgoing attorney by requiring payment of such fees when the right of such attorney to be compensated is not in contest, and the amount of the fee has been fixed or determined by agreement of the parties, or by prior adjudication.
In the case sub judice the outgoing attorney, Mr. Moore, had a written fee contract with the City for the services rendered by him in the bond validation suit. It therefore affirmatively appears without dispute that his right to receive a fee is not in contest, and the amount of fee payable to him at the rate of $20.00 an hour for his services had previously been determined by agreement of the parties as evidenced by the written contract. The only thing left for judicial determination was the number of hours of service rendered by him to the City in the validation suit. This evidence was likewise not disputed by any evidence offered by the City at the hearing. We therefore hold that under the principles stated in the Chaachou case cited above, it was entirely proper for the trial court to fix the amount of Moore’s fee, and this part of the judgment appealed should be and is affirmed. By the same token, the defendant City was not entitled to a jury trial under the Chaachou decision, and the trial court’s denial of the City’s motion is likewise affirmed. We find no justification for that provision in the judgment which relegates Moore for the payment of his fee to the proceeds to be derived from a sale of the bonds involved in the validation suit, for it is obvious that adherence to such a ruling would effectively deny Moore the right to the compensation which has been awarded him. This provision of the judgment is accordingly reversed.
Affirmed in part, reversed in part.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.

. Chaachou v. Chaachou (Fla.App.1960), 122 So.2d 24.