264 So.2d 42 (1972)
Zadock E. WORLEY, Appellant,
v.
George W. PHILLIPS and Charles B. Rambo, Appellees.
No. 71-641.
District Court of Appeal of Florida, Second District.
June 14, 1972.
John R. Bush, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Joseph V. Barrs, of Barrs, Melendi & Williamson, Tampa, for appellees.
PIERCE, Chief Judge.
Appellees George W. Phillips and Charles B. Rambo sued Zadock E. Worley for an attorney's fee in the amount of $2,000.00 less $500.00 which Worley had paid as a retainer. In Count 1 they claimed damages for the reasonable value of their legal services prior to their wrongful discharge. In Count 2 they alleged, inter alia, that Worley had retained them to handle a corporate dissolution matter and agreed to pay them 20% of any recovery as a result of the dissolution. They alleged that they filed a complaint and performed certain legal services, including settlement conferences. They further alleged that Worley discharged them wrongfully and without just cause, after a settlement *43 offer had been received and with an indication that a higher settlement offer would very likely be forthcoming. The complaint also alleged that a statement for services was rendered to Worley, and pursuant to Worley acknowledging the same and agreeing to pay it as soon as the dissolution dispute had been finally determined, they forbore any attempt to collect the amount until they received information that the dissolution suit had been resolved.
A jury verdict was rendered in favor of Phillips and Rambo and the lower Court entered a final judgment pursuant to the verdict. Worley's motion for new trial was denied and this appeal ensued.
Worley contends that the complaint is totally lacking in substance to support a cause of action for the reason that the contingency contracted for did not occur during appellees' representation. He further submits that an appellate Court may take notice of such fatal defect and make proper disposition of the cause, even though the sufficiency of such declaration has not been tested below.
We understand Worley's theory of the case to be that the attorneys were not entitled to a fee for their services based upon a contingency fee contract where the contingency upon which the contract was based did not occur in their representation and where they had not filed a charging lien in the court below.
This is not the law in Florida. Osius v. Hastings, Fla.App. 1957, 97 So.2d 623, upon which Worley relies, held that the discharged attorney was not entitled to recover a fee until the contingency, upon which the contract was based, had occurred. In that case the appellate Court quashed the judgment of the lower Court for the attorney in the amount of $2,000.00, with directions to enter an order establishing a lien for the attorney upon any settlement, judgment or recovery to extent of contract rights and subjecting to the future effect of such order the respective parties to the litigation as well as their counsel. The facts in the case sub judice are distinguishable, as the contingency had occurred before Phillips and Rambo instituted proceedings in an action separate from the corporate dissolution matter.
Worley's contention that the failure of Phillips and Rambo to file a charging lien provides no basis in law for an independent suit against Worley and entry of judgment against him, is contrary to the established law in this State.
Rule 1.030 R.C.P. 30 F.S.A., provides that the Court may condition the substitution of an attorney upon payment of or security for the substituted attorney's fee and expenses, or upon such other terms as may be just. The charging lien is an equitable right to have the costs and fees due the attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It was created to protect the rights of the attorney. Chancey v. Bauer, C.C.A. 5, 1938, 97 F.2d 293; 3 Fla.Jur., Attorneys at Law, § 71; 7 C.J.S. Attorney and Client § 211. The creation of a charging lien upon the proceeds of any recovery by the client in an equity action is an acceptable method of providing security for the payment of the attorney's fee. Winn v. City of Cocoa, Fla. 1954, 75 So.2d 909; Kurzweil v. Simon, Fla.App. 1967, 204 So.2d 254. But where there is no charging lien involved, a lawyer's claim for fees must be prosecuted in a separate action at law, Chaachou v. Chaachou, Fla. App. 1960, 122 So.2d 24; Riddle Airlines, Inc. v. McGahey, Fla.App. 1962, 144 So.2d 92. See Goodkind v. Wolkowsky, 1938, 132 Fla. 63, 180 So. 538.
We hold that the complaint was sufficient to state a cause of action, and further, the attorneys' failure to file a charging lien in the corporate dissolution suit did not preclude them from instituting a separate action to collect their fees.
The only question properly preserved for appellate review is the presence or absence of competent substantial *44 evidence to support the verdict. The jury obviously decided that the attorneys had been discharged without cause. There is no claim that the jury verdict was a result of passion, prejudice, or mistake. There was ample competent evidence to support the verdict.
The judgment appealed is, therefore,
Affirmed.
HOBSON and MANN, JJ., concur.