338 So.2d 245 (1976)
Micaela de la CRUZ, Appellant,
v.
Phillip C. BROWN et al., Appellees.
No. 75-1685.
District Court of Appeal of Florida, Third District.
October 12, 1976.
Guillermo F. Mascaro, Coral Gables, for appellant.
Stone, Sostchin & Koss, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and LESTER, M. IGNATIUS, Associate Judge.
LESTER, M. IGNATIUS, Associate Judge.
Micaela de la Cruz, having been injured in an automobile accident, hired the Appellee, Adolfo Koss, to represent her and, after negotiations with the defendants' insurer, subsequently Micaela de la Cruz decided to discharge the attorney, which she did by a series of letters, and, during the time the letters were being received by the attorney, the defendants' insurance agent made a firm settlement offer of $10,000.00, and this offer was transmitted to Micaela de la Cruz, who refused the offer and returned the check to the insurer. Having discharged her attorney, she obtained the services of Guillermo F. Mascaro, who filed suit against the tort-feasor and his insurer. Adolfo Koss then filed his claim of lien for attorney's fees. After the suit was filed, the new counsel for Micaela de la Cruz obtained an identical settlement of $10,000.00 from the defendants' insurance company.
The trial court denied the motion to strike the claim of lien and ordered the insurer to deposit $3,333.33 of the settlement into the registry of the Court and the remainder to be paid to Micaela de la Cruz.
A jury trial was requested on the issue of attorney's fees, and the Court denied the request and, after taking testimony, entered an order of $2,833.00 for Adolfo Koss and $500.00 for Guillermo F. Mascaro. The *246 Appellant raises the question in the appeal that the amount of the fees to be recovered by the discharged attorney must be decided by a separate action at law and trial by jury, and that the notice of lien was defective in that it contained no factual allegation to support a claim of lien.
We find the trial judge to be correct in denying the plaintiff's motion to strike the claim of lien for attorney's fees, and the Court was correct in denying the request for jury trial.
The attorney's lien for services rendered is equitable in nature, and the adjudication of the lien by the Court upon the proceeds of any recovery by the client was proper. The distribution of attorney's fees comes under the equity jurisdiction of the trial court. Since the attorney Adolfo Koss filed a charging lien upon the proceeds of any recovery by his client, all parties were within the jurisdiction of the court, and the trial court took testimony as to his services rendered prior to trial and made an equitable determination of the fee the attorney Koss was entitled to receive prior to his discharge.
Since the dispute arises between two attorneys and there was a charging lien, the case of Worley v. Phillips, 264 So.2d 42 (Fla.App.2d 1972) is controlling. The Court held:
"* * * Rule 1.030 R.C.P. 30 F.S.A., provides that the Court may condition the substitution of an attorney upon payment of or security for the substituted attorney's fee and expenses, or upon such other terms as may be just. The charging lien is an equitable right to have the costs and fees due the attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It was created to protect the rights of the attorney. Chancey v. Bauer, C.C.A. 5, 1938, 97 F.2d 293; 3 Fla.Jur., Attorneys at Law, § 71; 7 C.J.S. Attorney and Client § 211. The creation of a charging lien upon the proceeds of any recovery by the client in an equity action is an acceptable method of providing security for the payment of the attorney's fee. Winn v. City of Cocoa, Fla. 1954, 75 So.2d 909; Kurzweil v. Simon, Fla.App. 1967, 204 So.2d 254. But where there is no charging lien involved, a lawyer's claim for fees must be prosecuted in a separate action at law, Chaachou v. Chaachou, Fla. App. 1960, 122 So.2d 24; Riddle Airlines, Inc. v. McGahey, Fla.App. 1962, 144 So.2d 92. See Goodkind v. Wolkowsky, 1938, 132 Fla. 63, 180 So. 538."
We find no merit in any of the other errors assigned by the plaintiff. For reason assigned, the orders appealed from are affirmed.
Affirmed.