STEVENSON, Judge.
This is an appeal from an order denying the former wife’s motion to enforce a New Jersey Final Judgment of Dissolution of Marriage. Because we agree with the former wife that the outcome of a subsequent URESA action may not serve to nullify the underlying final order of support, we reverse.
While living in New Jersey, the former wife brought an action in Florida under the Uniform Reciprocal Enforcement Support Act (URESA) (Chapter 88, Florida Statutes) to enforce the former husband’s child support obligations arising from a New Jersey decree. In ruling on the URESA petition, the trial court modified the child support amount as well as the age of emancipation for the children of the parties from that which was contained in the New Jersey decree. The former wife did not appeal the URESA order.
The former wife subsequently brought these proceedings to enforce the terms of the original New Jersey judgment. Because the former wife had relocated to Florida, the parties agreed to an order by the trial court domesticating the New Jersey decree. The agreed upon order provided in pertinent part that:
[T]he Final Judgment of Divorce entered into on November 15,1990, by the Superi- or Court of New Jersey, ... is hereby domesticated and is made an Order of this Court. Said Final Judgment, and the Settlement Agreement incorporated therein shall have the same force and effect as a Final Judgment originally entered by this Court.
In ruling on the former wife’s motion to enforce the original divorce decree, the trial court ruled that the matters previously addressed in the URESA action (child support amount and the age of emancipation) were “res judicata’’ barred. It therefore denied the former wife’s motion. We find that this ruling was error.
First, the former wife is entitled to bring her motion to enforce the final judgment in the courts of Florida if for no other reason than the broad language employed by the trial court in the agreed order domesticating the final judgment. Both the former husband and former wife now reside in Florida and agreed that the New Jersey decree would have the same force and effect as a *1183 judgment originally entered by the courts of this state. Therefore, it stands to reason that the outcome of the URESA action cannot serve as a res judicata bar to the enforcement of the terms of the original decree in a Florida court anymore than it would serve as res judicata in a New Jersey court. See Department of Health and Rehabilitative Servs. v. Franklin, 630 So.2d 661 (Fla. 2d DCA 1994) (holding that a subsequent child support order from a responding state in a URESA action does not modify the original order of support from the initiating state, as URESA is an enforcement vehicle only).
Secondly, res judicata does not apply for the fundamental reason that an action under URESA seeking collection is simply not the same cause of action as a suit to enforce the underlying judgment in a court of competent jurisdiction. Moreover, we believe that the result we reach is further compelled because URESA remedies are designed to operate “in addition to and not in substitution for any other remedies.” § 88.041, Fla.Stat. (1993).
Accordingly, the order denying the motion to enforce the original New Jersey decree is reversed and this cause remanded for further proceedings consistent herewith.
POLEN, J., and SCHAPIRO, SHELDON, M., Associate Judge, concur.