ON MOTION FOR REHEARING

PER CURIAM.
The motion for rehearing is denied. We withdraw our former opinion and substitute the following.
We reverse the order quashing an out-of-state administrative writ of withholding for child support and remand for further proceedings.
*243 The events leading up to issuance of the appealed order began in 1997, when Joanne S. Hedge, the mother and resident of Texas, filed a notice of registration of a Texas child support order in Florida. Pursuant to section 88.351 of the Florida Statutes, the State of Florida Department of Revenue (Department of Revenue) filed a petition on behalf of Joanne S. Hedge, the mother. Dale E. Hedge, the father and resident of Florida, answered and filed a counter-petition for modification of child support in September 1997 along with discovery requests. His answer disputed the arrearage alleged in the notice and requested that the Florida court determine the amount. He later filed a separate Petition for Relief reiterating the request for a determination of the arrearage. Because the mother refused to cooperate with discovery, the Department of Revenue voluntarily dismissed the URE-SA/UIFSA action without prejudice in 1998.[1]
Although the petition was voluntarily dismissed without prejudice in 1998, the trial court held a hearing on its sua sponte Motion to Dismiss Petitioners’ URE-SA/UIFSA action in May of 2000. As sanctions for Joanna Hedge not participating in discovery, the trial court dismissed with prejudice the action for enforcement of arrears and the URESA/UIFSA action (June 2000 order). The June 2000 order was not appealed. Apparently as a result of the trial court’s actions, the father voluntarily dismissed his counter-petition without prejudice on the same day as the hearing.
In December of 2000, the State of Texas issued a Notice of Administrative Writ of Withholding directly to the father’s Florida employer, as permitted under section 88.5011 of the Florida Statutes. The writ sought garnishment of the father’s pay for his current child support obligation as well as the disputed arrears under the Texas child support order that was the basis for the earlier Florida URESA/UIFSA action. In response, the employer filed a motion for protective order, and the father filed a motion to quash the Texas writ of withholding on the grounds that the Florida trial court’s June 2000 order dismissed with prejudice the enforcement of the alleged Texas arrears.
After a hearing on the motions, the trial court denied the employer’s protective order, enforced the Texas writ of withholding with regard to current child support, but quashed the writ with regard to the arrears. The trial court ruled that res judicata barred the enforcement of arrears, relying on its June 2000 order dismissing with prejudice the action to collect the arrears. Joanne S. Hedge and the Department of Revenue appeal the December 2000 order.
We reverse. When the trial court dismissed the action with prejudice in the June 2000 order, the Appellants were no longer before the court since they took a voluntary dismissal two years earlier. Thus, the order dismissing the action with prejudice was void for lack of personal jurisdiction. Therefore, the trial court erroneously relied upon its June 2000 order as a basis for res judicata.
Although the June 2000 order is not before us on this appeal, any competent court may adjudicate an order void for lack of jurisdiction over parties or subject matter. See Gay v. McCaughan, 105 So.2d 771 (Fla.1958). The trial court simply had no personal jurisdiction regarding *244 an action that had already been voluntarily dismissed without prejudice two years previously. The father contends that the Petition for Relief constitutes a counterclaim that bars a voluntary dismissal without order of the court under Rule 1.420(a)(2), Florida Rules of Civil Procedure. The Petition for Relief, however, appears to be a contest to the registration of the Texas child support order as specifically authorized by section 88.371(2), Florida Statutes (1997). Thus, that petition was not a counterclaim seeking affirmative relief that would trigger Rule 1.420(a)(2).
Even if the trial court had properly ruled on the merits of enforcing the ar-rearage, that determination would not have been a res judicata bar to enforcement of the original Texas decree. See Herman v. Herman, 658 So.2d 1182, 1183 (Fla. 4th DCA 1995) (holding that the outcome of a URESA action may not serve as a res judicata bar to the enforcement of the original decree because URESA is designed to be an enforcement vehicle only).
In conclusion, we reverse and remand with instructions to hold proceedings on the merits of the arrears pursuant to Chapter 88 of the Florida Statutes. The father may properly contest enforcement of the wage garnishment as provided in section 88.5061, Florida Statutes (1997).
REVERSED AND REMANDED.
GUNTHER, TAYLOR, JJ„ and DELL, JOHN W., Senior Judge, concur.

. UIFSA stands for the Uniform Interstate Family Support Act. See § 88.0011, Fla. Stat. (1997). The Uniform Reciprocal Enforcement of Support Act (URESA) was its statutory predecessor. See § 88.011, Fla. Stat. (Supp.1996).